SARTAIN, Judge.
This is an action to annul a judgment of The Family Court for the Parish of East Baton Rouge which recognized a divorce decree rendered by the Tulsa County District Court, State of Oklahoma, in favor of the defendant here, Bessie Lee Wyble An-ders, and against the plaintiff in this action, her former husband, John Darden Anders, Jr. More importantly, the judgment attacked here also awarded the permanent care, custody and control of the parties’ four minor children to their father.
On April 28, 1970, Mr. Anders petitioned The Family Court for the permanent custody of the four minors. On May 25, 1970, Mrs. Anders filed an answer in proper person due to her inability to afford counsel. Trial on the merits was had on October 20, 1970, at which Mrs. Anders was not present and the judgment awarding the plaintiff-husband the custody of the four children and which is sought to be annulled here, was signed the following day.
On July 7, 1971, Mrs. Anders filed a petition seeking to annul and recall that judgment, she alleging that she received no notice whatsoever of the trial on the merits and that no notice of the judgment was ever forwarded to her subsequent to its rendition. The hearing on that petition was had on January 11, 1972, also before the judge of The Family Court, who, it should be noted, had presided over the October 20, 1970 trial on the merits, which ended in judgment for the husband. Testimony was taken and, thereafter, the trial judge recalled and nullified his previous decree. The plaintiff-husband has appealed that ruling.
At the trial, the deputy clerk who was responsible at that time for the mailing of notices of trial assignments testified that, although she did not specifically remember this case, that she could state that she followed the procedures in this instance that were normally used for trial notification where an answer in proper person had been filed which was, of course, to mail the trial notice to the address listed by the answering party on their pleading.
Mrs. Anders testified, however, that she did not receive notice of the trial. She related that while she lived at several different addresses in the City of Baton Rouge in the days and weeks before and after that original trial, that her address listed in her answer was the home of her parents and was her permanent mailing address and that any correspondence coming to her from the court would positively have been received by her through her parents.
Her mother also testified that no notice of trial was ever received at her home from the court. She stated that she is particular about the mail that comes to her home for her daughter and that she was quite positive that no such correspondence was delivered there.
*923 Without rendering written reasons for judgment, the judge who had presided over the entirety of these proceedings recalled his original judgment. We conclude that that ruling must be affirmed.
We have no record of the hearing that took place in The Family Court when the original judgment was rendered. There are, however, indications in the record presently before us that some question arose at that time concerning the absence of the defendant at the trial-. Although we do not know just what led the trial judge to conclude that the original judgment must be recalled, he undoubtedly did so because he either believed the testimony of Mrs. Anders and her mother or felt that his original ruling was improvidently rendered.
The defendant and her mother positively testified that no notice of trial was received by them. Family Court Rule 5, sec. 2, contains these provisions:
“Within 24 hours after an assignment is made and at least fourteen (14) days prior to the date assigned for trial or hearing, the Clerk of Court shall mail a written notice of the assignment to counsel for all parties or to every party thereto not represented by counsel.”
The record does not indicate that notice of trial was not mailed, but it does preponderate to the effect that such notice was not received by Mrs. Anders or her parents. It appears then that the defendant, through no fault of her own, did not have her day in court; in view of the magnitude of the nature of the matter before the court for adjudication, that is, the care, custody and control of the mother’s minor children, we find that justice would not be substantially done without assuring her of the opportunity to present her case and be heard. The record contains no evidence that she waived her appearance at the original trial or that she knowingly neglected to be present on that day, and all that appears before us at this time is to the contrary. Therefore, we find no error in the ruling of the trial judge recalling and vacating his original judgment and, for these reasons, that judgment is affirmed.
Affirmed.