381 So.2d 977 (1980)
C. James HICKS, Ltd.
v.
Joseph SCHOUEST, Independent Insurance Corporation, and XYZ Insurance Company.
No. 10868.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
Badeaux, Discon, Cumberland & Barbier, Carl J. Barbier, New Orleans, for defendants-appellants.
James H. Minge, New Orleans, for plaintiff-appellee.
*978 Before GULOTTA, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a lower court judgment which was rendered against a defendant who had made a general appearance in the case, but who was absent from the trial because neither he nor his attorney received a notice of trial.
On March 10, 1977, plaintiff C. James Hicks, Ltd. brought this action seeking damages in the amount of $8,000.00 from Joseph Schouest, agent for Independent Insurance Corporation, alleging that on October 26, 1976, defendant had undertaken to procure for plaintiff an insurance policy including collision coverage.
On February 10, 1977, plaintiff's vehicle was involved in an accident. Following the accident, plaintiff was informed that only liability coverage was in effect and that no collision coverage had been procured.
Defendant filed an exception to the petition, as well as answers to both the original and amended petition. On June 15, 1978, the case proceeded to trial. At that time, neither defendant nor his counsel appeared for trial. The case was presented in a manner similar to a default judgment. The case was taken under advisement and judgment in favor of plaintiff was rendered on June 19, 1978. The defendant was served with the judgment on July 13; his attorney was served on July 13.
On July 13, 1978, counsel for defendant moved for a new trial. The motion was dismissed on the grounds that it was not timely filed. Defendant subsequently perfected the instant appeal.
On appeal, defendant contends that the judgment below should be vacated and the matter remanded for a new trial on the grounds that he was deprived of procedural due process. Defendant did not receive a notice of trial, hence he was deprived an opportunity to present a defense. We agree.
Article 1571 of the Code of Civil Procedure provides as follows:
"The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(1) Require adequate notice of trial to all parties; and
(2) Prescribe the order of preference in accordance with law.
These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed."
Additionally, Rule 10 § 5 ¶ 2 of the Rules of the Civil District Court for the Parish of Orleans provides:
". . . The Minute Clerk of said Division shall mail to the attorneys of record in the case, a Notice of Trial not less than twenty days prior to the date fixed for said trial."
Adequate notice is one of the most elementary requirements of procedural due process. In the instant appeal, there is nothing contained in the record to show that a notice of trial was ever mailed.[1] We believe that fundamental fairness and the right of access to courts require that the judgment be vacated and the case be remanded for a new trial. Anders v. Anders, 267 So.2d 921 (La.App. 1st, 1972).
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial . . ." Art. I § 22, La.Constitution of 1974.
Accordingly, the judgment of the lower court is vacated and set aside, and the case is remanded.
VACATED AND SET ASIDE.
NOTES
[1] We note that every other pleading or notice in the record contains a sheriff's return, certificates of counsel or certificate of court.