481 So.2d 699 (1985)
The ZACHARY TAYLOR POST NO. 3784, Veterans of Foreign Wars of the United States
v.
Robert A. RILEY, General Contractor, Inc., et al.
No. CA 84 1157.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*700 Phil E. Miley, Baton Rouge, for Zachary Taylor Post # 3784, VFW of the U.S., Inc.
H. Bruce Shreves, New Orleans, and Paul H. Spaht, Baton Rouge, for American Fidelity Fire Ins. Co.
Robert A. Riley, pro se.
James A. George, Baton Rouge, for Dean McKee.
Donald S. Zuber, Baton Rouge, for MacAllyn J. Achee.
Stephen M. Irving, Atty., Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
The primary issue in this appeal is whether appellant received adequate notice of trial to meet the requirements of due process.
This matter arose from the following facts. On July 30, 1979, Zachary Taylor Post No. 3784, Veterans of Foreign Wars of the United States (Zachary) entered into a contract with Robert A. Riley General Contractor, Inc. (Robert Riley, Inc.) providing for the construction of a building on South Choctaw Drive in Baton Rouge. In connection with this contract, Robert Riley, Inc. executed a performance bond in the amount of $178,000 with American Fidelity Insurance Company (American Fidelity) acting as surety thereon. Upon completion of the construction, Zachary was dissatisfied in several respects with the building, resulting in the present suit for damages. The following parties were made defendants in Zachary's suit: Robert Riley, Inc., American Fidelity and Dean McKee, an architect employed to represent Zachary in connection with the construction of the building.
Robert Riley, Inc. and American Fidelity initially retained joint counsel, who filed a joint answer on their behalf. In addition, a third party demand was filed on behalf of Robert Riley, Inc., against Dean McKee. Subsequently, American Fidelity retained separate counsel and filed a third party demand against Robert Riley, Inc., Robert A. Riley, individually, and Peggy Riley based on a general indemnity agreement allegedly executed by them.
On March 15, 1983, an order was signed allowing counsel for Robert Riley, Inc. to withdraw as attorney of record. Robert Riley, Inc. did not retain new counsel. Robert Riley, in proper person, filed an answer to American Fidelity's third party demand on both his own behalf and that of Robert Riley, Inc. The third party demand against Peggy Riley was dismissed upon her motion for summary judgment.
At a pre-trial conference held on October 19, 1982, trial of this matter against the remaining parties on the principal and third-party demands was set for May 3 and 4, 1984. Neither Robert Riley nor counsel on his behalf or for Robert Riley, Inc. was present at this conference. When this case was called up for trial on May 3, 1984, no appearance was made on behalf of either Robert Riley or Robert Riley, Inc. However, counsel for each of the other remaining parties appeared on this date and entered into a stipulated judgment settling the various claims among them. Trial was then held on American Fidelity's third party demand against Robert Riley, Inc. and Robert Riley individually. The case was presented by American Fidelity in a manner similar to a default proceeding. At the conclusion of trial, the court rendered judgment in favor of American Fidelity and against both third-party defendants, in solido, in the amount of $9,793.53. American Fidelity assigned all of its rights under this judgment to Zachary, plaintiff on the principal demand. The present suspensive appeal was then taken by Riley.
Riley contends he was denied due process in the proceedings below because he was given no notice of the assignment of *701 this matter for trial. We conclude Riley's contention is meritorious.
Due process as a minimun requires deprivation of life, liberty or property be preceded by notice and an opportunity to be heard at a meaningful time. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Patrick v. Patrick, 227 So.2d 162 (La.App.2d Cir.1969), writ refused, 255 La. 238, 230 So.2d 91 (1970). The notice given must be reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Armstrong, supra. In addition, La. Code Civ.P. art. 1571 requires district courts to adopt rules which provide for all parties to receive adequate notice of the assignment of a case for trial. Rule VI, Sec. 2(C) of the Nineteenth Judicial District Court Rules provides with regard to the assignment of cases for trial as follows:
"(C) Within one judicial day after any assignment is made, the Clerk of Court or one of his deputies shall mail a written notice of said assignment to counsel for all parties as well as to every party thereto not represented by counsel. (Emphasis added.)
The trial court minutes only indicate the attorneys involved in this matter were given notice of the trial date. However, neither Robert Riley, Inc. nor Robert Riley, individually, were represented by counsel at the time of the assignment and thus did not receive notice in this matter. In fact, there is no evidence in the record that the written notice required by the court rules was ever sent to either of these parties. Further, there is no evidence these parties voluntarily waived their appearance at trial or knowingly neglected to appear on the date of trial.[1]
Thus, it appears Riley and Robert Riley, Inc., through no fault of their own, were denied an opportunity to be present at trial as required by both due process and the specific rules of the Nineteenth Judicial District Court. There is no merit to appellees' argument that no due process violation occurred because Riley had notice of the pendency of the proceedings, as evidenced by the filing of an answer in his behalf. Hicks v. Schouest, 381 So.2d 977 (La.App. 4th Cir.1980).[2] While it is clear Riley had notice of the pendency of the proceedings, procedural due process also requires an opportunity to be heard at a meaningful time. Armstrong, supra. The trial of a case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard, and adequate notice thereof is one of the most fundamental requirements of procedural due process. Hicks, supra. Riley was deprived of this opportunity in the present case because of an apparent failure to comply with the mandatory notice provision of the Nineteenth Judicial District Court rules. See Anders v. Anders, 267 So.2d 921 (La.App. 1st Cir.1972).
Accordingly, that portion of the trial court judgment rendering judgment against Robert A. Riley and Robert A. Riley General Contractor, Inc., neither of whom received notice of trial, is vacated and set aside. Hicks, supra. The judgment is affirmed in all other respects. This matter is remanded to the trial court for further proceedings consistent with law.
AFFIRMED IN PART; VACATED AND SET ASIDE IN PART; AND REMANDED.
NOTES
[1] Appellees make several allegations in their briefs that Riley's failure to receive notice of trial was attributable to his own actions in secreting himself to avoid service. There is no evidence in the record regarding these allegations and they therefore can not now be considered by this court.
[2] Zachary also argues Riley's conduct amounts to an acquiescence in the judgment rendered against him so as to preclude this appeal. This argument is without merit. The record contains no evidence of any conduct by Riley which could be considered an acquiescence to the judgment against him.