589 So.2d 61 (1991)
SWEENEY, INC.
v.
Homer A. OLIVIER.
No. 90 CA 1397.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
L.V. Cooley, IV, New Orleans, for defendant-appellant.
G. Brice Jones, Slidell, for plaintiff-appellee.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The instant suit involves plaintiff, Sweeney, Inc.'s, attempt to revive a judgment rendered on July 3, 1968, against defendant, Homer A. Olivier, which judgment defendant asserts is absolutely null and cannot be revived.

FACTS
On September 27, 1967, plaintiff, Sweeney Inc., filed suit on open account. Defendant was personally served with the petition and citation on October 13, 1967. Defendant filed an answer on October 16, 1967 through attorney Gus A. Fritchie, Jr. On April 22, 1968, attorney for defendant withdrew as counsel of record. On May 10, 1968, Phillip E. Pfeffer, attorney for defendant, filed a supplemental answer and motion for summary judgment on behalf of defendant. On May 17, 1968, after argument from plaintiff's and defendant's counsel, the court dismissed defendant's motion for summary judgment. The court then heard a portion of the evidence on the merits of the lawsuit. The case was thereafter left open until Friday, June 14, 1968, for completion.
On June 7, 1968, Phillip E. Pfeffer, attorney for defendant, withdrew as counsel of record and requested the court to continue the case from the June 14th date and to place it "on the preference docket." A *62 copy of the motion was sent to the defendant.
The matter was thereafter placed on the court docket for July 3, 1968. Notice was sent to the defendant; however, he did not receive the notice until after the trial date. Judgment was rendered on July 3, 1968, in favor of the plaintiff for $8,835. The defendant was personally served with the notice of judgment on July 11, 1968. Plaintiff next filed a Motion to Examine Judgment Debtor. In compliance with the notice therefor the defendant's agent appeared in court on October 11, 1968, for the judgment debtor rule and was duly examined. Apparently the judgment was never executed.
A judgment was rendered on July 3, 1978, reviving the July 3, 1968 judgment. A consent judgment to that effect was signed by the defendant on August 30, 1978.
On March 14, 1988, the plaintiff filed the instant suit to again revive the 1968 judgment. The defendant filed an exception of no cause of action alleging that the original judgment is absolutely null under LSA-C.C.P. article 2002 because the defendant did not receive notice of trial in the original suit and was not present at the trial. The trial court ruled in favor of the plaintiff, and the defendant appeals.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977), and cases cited therein.
Defendant's exception of no cause of action alleges that the judgment which the plaintiff seeks to revive is absolutely null due to failure to notify the defendant of trial.
LSA-C.C.P. articles 2002 and 2004 set forth the vices of form and substance for which an action of nullity may be brought.
LSA-C.C.P. art. 2002 provides:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
The grounds for nullity enumerated in LSA-C.C.P. art. 2002 are exclusive as to vices of form. LSA-C.C.P. art. 2002, Comment (e); Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954). It is clear that the defect of which the defendant complains, failure to receive notice of trial, does not come within the purview of any of the grounds for nullity contained in Article 2002. Particularly, Section 2 does not apply because defendant made a general appearance.
The only remaining grounds for assailing the judgment are those provided by LSA-C.C.P. art. 2004. In essence, article 2004 provides that a judgment may be annulled for fraud or ill practice, provided the action to annul is brought within one year of discovery of the fraud or ill practice charged.
The courts have taken a broad view of what constitutes an "ill practice" under LSA-C.C.P. art. 2004.
The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscientious and inequitable.
*63 Tapp v. Guaranty Finance Company, 158 So.2d 228, 233 (La.App. 1st Cir.1963), writs refused, 245 La. 640, 641, 160 So.2d 228 (La.1964).
The paramount importance of notice to be heard was explained by this court in Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699, 701 (La.App. 1st Cir.1985) as follows:
Due process as a minimum requires deprivation of life, liberty or property be preceded by notice and an opportunity to be heard at a meaningful time. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Patrick v. Patrick, 227 So.2d 162 (La.App. 2d Cir. 1969), writ refused, 255 La. 238, 230 So.2d 91 (1970). The notice given must be reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Armstrong, supra. In addition, La.Code Civ., P. art. 1571 requires district courts to adopt rules which provide for all parties to receive adequate notice of the assignment of a case for trial.
We are convinced that the lack of notice of trial is within the purview of LSA-C.C.P. article 2004; however, we find that the action to annul the judgment on these grounds has prescribed.[1] The defendant received notice of the July 3, 1968 judgment on July 11, 1968,[2] and thereafter participated, through his agent, in the judgment debtor examination on October 11, 1968. We can only conclude that the defendant had knowledge of the deficiency. Counsel's contention that the defendant was not aware of his constitutional right to notice of trial until informed of this fact in 1988 is untenable. An action for nullity cannot be substituted for a timely appeal. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980).
For the reasons set forth above the trial court judgment is affirmed. All costs of this appeal are to be paid by defendant, Homer A. Olivier.
AFFIRMED.
CARTER, J., concurs in the result.
NOTES
[1] We note that the correct procedure for raising the nullity of a previous judgment under LSA-C.C.P. art. 2004 is a direct action. See LSA-C.C.P. art. 2004 Comment (d) and Knight v. Sears Roebuck & Company, 566 So.2d 135 (La. App. 1st Cir.), writ denied, 571 So.2d 628 (La. 1990).
[2] It is clear that the defendant could have perfected a timely appeal of the July 3, 1968 judgment. See LSA-C.C.P. art. 2087.