GONZALES, Judge,
dissenting.
I respectfully dissent from the majority opinion with regard to the interpretation given to C.C.P. art. 1571. It (art. 1571) prescribes the procedure by which cases are assigned for trial. Assignment is a judicial activity, and C.C.P. art. 1571 prescribes what, as a court, it is required to do to meet this burden to fulfill its duties.
The official revision comments of art. 1571, in the annotated version of the code, sec. (a) states, “[n]o particular type or kind of notice is required, since the matter is to be regulated by the local rules of court.” The comment goes on the say in sec. (e) that “the minimum standards required by these articles are not applicable to summary cases.”
The majority states in their opinion, “[b]e-cause the record before us contains no rule of the Thirty-Second Judicial District Court governing service of notice of an order setting the trial of an exception, we hold that movers did not carry their burden of showing that they are entitled to summary judgment as a matter of law.” It would be impossible for any defendant to carry a burden such as this when no rule exist. In situations like this the general standard of practice of the Thirty-Second J.D.C. should be looked to as well as the rules of other courts for similar matters. The Nineteenth J.D.C. under its Rule VI “Assignment of Cases” sec. 2 subsec. (C) states, “Within one judicial day after any assignment is made, the Clerk of Court or one of his deputies shall mail a written notice of said assignment to counsel for all parties as well as to every party thereto not represented by counsel.”[1] Clearly mailing of notice is the accepted form and defendant’s attorney should not be penalized for the fact that the Thirty-Second J.D.C. does not provide in its rules of court for this or any form of notice.
In this case there was proper notice to the then attorney of record, Lawrence J. Smith & Associates. Notice of the Dilatory and Peremptory Exceptions of Prematurity, filed by defendant on November 4, 1987, was served by the Sheriff’s office on plaintiffs counsel of record, Lawrence J. Smith & Associates on November 19, 1987. Notice of the trial on the exception set for April 8,1988 was mailed on March 23, 1988, five (5) days before plaintiffs attorney claims she left the employ of the above mentioned firm. Notice *589 of the sustaining of the exception, signed April 14, 1988, was sent to the above named firm as well. It was not until July 15, 1988 that plaintiffs attorney substituted herself as attorney of record. In the case of Prejean v. Ortego, 262 So.2d 402 (La.App. Cir.1972) the court determined that mailing or sending notice to plaintiffs counsel by clerk of court constituted adequate notice to plaintiff that trial of exception had been refixed and that plaintiff was bound by the decision rendered on the hearing date. Notice must be reasonably calculated under all circumstances to apprise all interested parties of the pendency of the action and afford them an opportunity to present their objections. Zachary Taylor Post No. 3784, v. Riley, 481 So.2d 699 (La.App. 1st Cir.1985). The record is clear, notice of the fixing of the motion for hearing was mailed, by the clerk of court, five days before plaintiffs attorney left the employ of the then attorney of record; notice should be presumed to have been received prior to her departure. Although Ms. Gic states in her affidavit that she personally did not receive notice of the hearing on the exceptions, there is no denial that her employer (and counsel of record) did not receive such notice. An internal problem within the Smith firm, of not passing on the notice to Ms. Gic personally, cannot possibly serve as a valid excuse for non-appearance at the hearing.[2] Every firm marks a date received stamp on papers received, particularly from a court or clerk. If such a paper would favor her position Ms. Gic, had only to produce it. None was filed in the record.
Plaintiffs attorney makes a claim for equity claiming that if she had had notice of the hearing she would have been aware of the exceptions and could have made a timely claim the Medical Review Panel; the fault in this logic is that she was already on notice of the need for panel review from the copy of the exceptions served on the firm by the Sheriff on November 19, 1987. Plaintiffs attorney could have done no more by her presence at the hearing than she could have done otherwise.
Riley also noted that under art. 1571 district courts should adopt rules which would provide adequate notice to all parties; having adoption of the rule is not nearly as important as the actual practice. Here the practice met the standard required by law.
It has been well settled for many years that mailing of notice is proper to alert plaintiffs attorney of the setting for trial of exceptions. Prejean. The fact that the Thirty-Second J.D.C. does not order, by local rule, the service by mailing, does not make such mailing an improper procedure. The fact that notice was mailed to counsel of record is not disputed by any party in this case.
Giving plaintiffs attorney the benefit of the doubt with regard to the time of filing for a review panel, the three year prescriptive period should have been interrupted by the filing of the suit in district court on August 31, 1987 and then begun anew from the date of the sustaining of the motion of the exception of prematurity signed April 14, 1988. Taking all of this into consideration plaintiff’s claim, and right to review would have prescribed on April 15,1991; plaintiffs attorney did not file for review by the medical review panel until July 25, 1991, over four months after the right to review had prescribed.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Scott v. Pack, 609 So.2d 243 (La.1992), 607 So.2d 738 (La.App. 1st Cir.1992). Louisiana Code of Civil Procedure, article 966 provides that a motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” There no material issue of fact on the question of service and the law in this area is clear that the service actually made in this case was valid and constitutional. Therefore, *590 as a matter of fact and law there is no reason why the summary judgment should not be granted.
On remand if the same notice is given, the rules are still silent as to proper procedure for notice. If the reasoning of this report is adopted as the law of this circuit, it will call into question notice, not only in the Thirty-Second Judicial District Court, but in every district where the rules are silent as to notice. Also on remand the plaintiffs claim is clearly prescribed. What justice or equity is to be achieved by remand. Likewise there is still no right of action because the request for a review panel can not now be filed and the plaintiff still has not qualified as a natural tutrix. The children have a valid and strong claim for legal malpractice against not-only Gic but also Smith & Associates and their insurers.
Accordingly, I dissent, from the decision of the majority.

. As noted and approved by in Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699 (La.App. 1st Cir.1985).

. See La.C.C.P. art. 1235 which provides that service on the attorney’s office is proper service. Service in this case was made to 518 South Rampart Street in New Orleans, the address of both Smith and Gic. This is the same address which is shown on their own pleadings.