GONZALES, Judge, dissenting.
I respectfully dissent from the majority’s reliance on La.C.C.P. art. 1571 as dispositive of this appeal.
The majority finds that the trial court erred in sustaining defendants’ motion for summary judgment which resulted in dismissal of plaintiffs petition for nullity of judgment. Based on the article 1571 requirement that district courts prescribe the procedure for assigning cases for trial by rules which “require adequate notice of trial to all parties,” the majority finds that there are disputed issues regarding whether notice by mail to plaintiff of the trial date of defendants’ exceptions was adequate under the rules of the Thirty-Second Judicial District •Court.
| ^Article 1571 reads:
A.(l) The district courts shall prescribe the procedure for assigning eases for trial, by rules which shall:
(a) Require adequate notice of trial to
all parties; and
(b) Prescribe the order of preference in
accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
B. A party who appears in proper person before the court shall advise the court of his current address and any changes of address during the pendency of the proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party’s last known address of record.
After noting that other district courts have prescribed rules regarding notice as required by article 1571, the majority concludes that “[bjecause the record before us contains no rule of the Thirty-Second Judicial District Court governing service of notice of an order setting the trial of an exception, we hold that movers did not carry their burden of showing that they are entitled to summary judgment as a matter of law.”
It should first be noted that the Rules of the Thirty-Second Judicial District Court do not contain a rule governing service of notice of an order setting the trial of an exception; thus, defendants could not comply with the burden imposed upon them by the'majority.
Further, and of more importance, a determination of whether notice by mail was adequate in this case is governed by the rules pertaining to notice in summary proceedings, not by article 1571. Summary proceedings are used to dispose of issues properly raised by exception. La.C.C.P. art. 2592(3). Prematurity is an objection which may be raised by dilatory exception, and no cause of action is an objection which may be raised by peremptory exception. La.C.C.P. arts. *1319 926(1) and 927(4). Thus, the trial of the exceptions at issue, defendants’ exceptions of prematurity and no cause of action, constituted a summary proceeding.
In summary proceedings, La.C.CJP. art. 2594 expressly requires that a copy of any order of court assigning the date and hour of the trial of a motion, rule, or other | ¡¡pleading filed by the plaintiff shall be served upon the defendant. However, no particular form of service is provided by the rules governing summary proceedings.[1]
In this case, it is undisputed that notice was mailed to plaintiffs counsel of record, Judith Ann Gic of Lawrence J. Smith and Associates, on March 23, 1988, informing her that defendants’ dilatory and peremptory exceptions were fixed for trial on April 8, 1988 at 9:00 a.m. This mailing occurred five days prior to the last day Ms. Gic claims she was employed at Lawrence J. Smith and Associates. Although Ms. Gic states in her affidavit that she did not personally receive notice of the setting of trial of the exceptions, she does not deny that the address to which it was mailed, that of her then current employer, was her proper mailing address at the time. The failure of her employer to pass on the notice to Ms. Gic cannot serve as a valid excuse for non-appearance at the trial of the exceptions. Further, it was not until July 15, 1988 that Ms. Gic substituted herself as sole counsel of record and gave a mailing address different than that of her former employer.
Notice by mail to plaintiffs counsel by the clerk of court has been found to constitute adequate notice to a plaintiff that the trial of an exception of vagueness had been refixed on a new date. Prejean v. Ortego, 262 So.2d 402 (La.App. 3d Cir.1972). Similarly, La. C.C.P. art. 2595 only requires that reasonable notice be given before a summary proceeding is tried. Even on a constitutional level, due process only requires that “the notice given must be reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Sweeney, Inc. v. Olivier, 589 So.2d 61, 63 (La.App. 1st Cir.1991) quoting Zachary Taylor Post No. 378k. v. Riley, 481 So.2d 699, 701 (La.App. 1st Cir.1985).
^District courts throughout the state rely on service by mail as the vehicle by which to notice exceptions and motions for hearing. Inevitably, a reader of the majority opinion will conclude that this acceptable and reasonable method of service is no longer legally adequate; the opinion clearly leaves the reader with the impression that service of an order of a court setting an exception for trial must be performed by a sheriff.
Appellate courts review summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Sav. & Loan of Scotlandville, 615 So.2d 318, 325 (La.1993); Duncan v. Balcor Property Management, 615 So.2d 985, 988 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966. Despite the lack of a written rule regarding the method of service in the Thirty-Second Judicial District Court, it is clear that service by mail in the present ease more than sufficiently fulfilled the service requirement of article 2594 and the reasonable notice requirement of article 2595 which apply to summary proceedings. There is no material issue of fact on the question of service and the law in this area is *1320 clear that the service actually made in this ease was reasonable and constitutional. Therefore, as a matter of fact and law, there is no reason why the summary judgment should not have been granted.
Accordingly, I dissent from the decision of the majority.

. Although the rules governing ordinary proceedings usually apply in the absence of a particular provision applicable to summary proceedings (La.C.C.P. art. 2596), the Code of Civil Procedure contains no rule which dictates the method of service in ordinary proceedings of orders of a court assigning the date and hour of trials. Articles 1311 through 1314 deal with the service of pleadings (which consist only of petitions, exceptions, written motions, and answers), not orders of the court.