JOHNSON, J.,
would grant for reasons assigned in dissent by BYRNES, J., court of appeal.
KIMBALL, J., not on panel.
APPENDIX
COURT OF APPEAL FOURTH CIRCUIT STATE OF LOUISIANA
State of Louisiana Through the Department of Health and Human Resources, Office of Family Security, in the Interest of Jovan Lymuel, Minor Child of Patricia A Lymuel v. Robert Duvigneaud.
No. 94-CA-1285
BYRNES, Judge, dissenting with reasons.
I respectfully dissent. I agree with the majority that fraud and ill practices as defined by LSA-C.C. art. 2004 “is not limited to cases of actual fraud or intentional wrongdoing.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). Where there is no actual or intentional wrongdoing, Kem would apply LSA-C.C. art. 2004 only in those situations “where enforcement of the judgment would be unconscionable and inequitable.” Id. Neither the trial court nor the majority has found the existence of any fraud or actual wrongdoing.
Subsequent to the dismissal of plaintiffs suit on October 19, 1989, a notice of the judgment of dismissal was personally served on plaintiffs notice of the judgment of dismissal was personally served on plaintiffs attorney of record on February 12, 1990.[1] Plaintiff waited until November 7, 1990 to apply for a new trial which was properly dismissed as untimely. Plaintiff never attempted to appeal from the judgment even though she had notice of it.
As noted by the majority, Sweeney, Inc. v. Olivier, 589 So.2d 61 (La.App. 1 Cir.1991), does indeed state that “notice of trial is within the purview of LSA-C.C.P. art. 2004.” However, after making this statement quoted by the majority, the Sweeney court refused to nullify a judgment rendered against a party who had received no timely notice of trial because:
The defendant received notice of the July 3, 1968 judgment on July 11, 1968, and thereafter participated, through his agent, in the judgment debtor examination on October 11, 1968. We can only conclude that the defendant had knowledge of the deficiency An action for nullity cannot be substituted for a timely appeal. [Emphasis added]
Sweeney at 63.
I agree with the majority that we should follow the Sweeney court. But instead of following it only half way, I would follow it the whole way and conclude that when plaintiffs counsel was served with the notice of judgment, there was knowledge of the “deficiency” for which adequate remedies were available in the form of a timely motion for a new trial or appeal. The enforcement of that judgment would only be unconscionable or inequitable in the absence of such remedies. Where there is no fraud or intentional wrongdoing, I do not believe that LSA-C.C.P. art. 2004 was intended to provide an *1004 equitable remedy where a legal remedy exists.
Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), likewise fails to support the majority’s position. In Kem Search the Supreme Court nullified a default judgment which it determined was taken unfairly by plaintiffs counsel, either intentionally or unintentionally. We may safely assume that the defendant in Kem Search, unlike the plaintiff in this case, received no notice of the judgment rendered against him. The Supreme Court noted that the Kem Search defendant learned of the judgment rendered against him for the first time when he received notice that his property was being seized and sold to satisfy the judgment. If there had been no notice of judgment in the case before us, I would agree with the majority.
Fraud and ill practices did not deprive plaintiff of her rights. Her own failure to act in a timely manner did. The judgment of the trial court was correct, and I would affirm it for the foregoing reasons.

. The records of the Orleans Parish Civil Sheriff reflect that service on the plaintiff was accomplished on November 7, 1989, but there is no return in the Court record.