GLOBAL TECHNICAL SOLUTIONS, L.L.C.

VERSUS

RIVER RIDGE ELECTRIC, INC.

NO. 23-CA-437

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 775-178, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

May 22, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**<u>REVERSED; REMANDED</u>**
   **TSM**
   **FHW**
   **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
GLOBAL TECHNICAL SOLUTIONS, LLC
Julie U. Quinn

**MARCEL, J.**

In this case arising from a petition for damages and injunctive relief relating to a contract for electrical work/services, plaintiff-appellant Global Technical Solutions, LLC seeks review of a September 11, 2023 judgment of the trial court denying appellant's motion to set aside judgment of abandonment. For the following reasons, we declare that judgment null and remand this case for further proceedings.

BACKGROUND

GTS and defendant River Ridge Electric, Inc. purportedly entered into a verbal agreement on or about September 26, 2016 by which GTS was to provide electrical services for and/or with River Ridge in connection with River Ridge's contracts with general contractors for remediation projects relating to the historic flooding in and near Baton Rouge Louisiana in 2016. In August 2017, GTS filed a petition for damages and injunctive relief against River Ridge which alleged that GTS was owed $371,727.50 for services performed from September 2016 through March 2017. River Ridge filed an answer and affirmative defenses to the petition on November 1, 2017 and discovery followed.

On November 28, 2018, the trial court heard and granted GTS's motion to compel discovery. River Ridge made no appearance at this hearing. The record indicates that GTS submitted a proposed written judgment with a certificate of District Court Rule 9.5 compliance on December 5, 2018. However, the written judgment was not signed and filed by the trial court until January 15, 2020.[1] Notice of this judgment was mailed by the clerk of court on January 16, 2020. Three years later, on January 16, 2023, GTS filed a motion for contempt wherein it claimed River Ridge had failed to respond to the court's order compelling discovery and had failed to pay costs as ordered by the court.

---

[1] The judgment was signed by the *pro tempore* trial judge.

In response, River Ridge filed an *ex parte* motion to dismiss the suit on grounds of abandonment and for failure to prosecute on February 22, 2023. Attorneys for River Ridge claimed that no step had been taken in furtherance of the suit between December 13, 2018 and December 14, 2021. The motion was granted without contradictory hearing on February 23, 2023.[2]

On March 15, 2023, GTS filed a Motion to Set Aside Dismissal and for Sanctions wherein it argued that the tolling of the abandonment period had been interrupted by the trial court issuing the January 15, 2020 judgment. GTS also sought sanctions against the attorneys for River Ridge for stating that the last action taken in the prosecution of the case had been December 13, 2018 even though the authority they cited in support of their motion to dismiss the suit held that actions taken by the courts, such as the issuance of a judgment, interrupt abandonment. On March 17, 2023, the trial court issued a Rule to Show cause setting the hearing on the motion for April 14, 2023. Counsel for GTS filed a motion to reset the hearing on the Motion to Set Aside. The trial court issued an order resetting the hearing on the Motion to Set Aside for Monday, May 15, 2023 at 9:00 AM.

The motion to set aside was heard on May 15, 2023. Counsel for GTS did not make an appearance. Notice issued to counsel for GTS by the clerk of court had set May 16, 2023 at 9:00 a.m. as scheduled hearing date. In proceedings on May 15, 2023, the trial court denied GTS's motion to set aside and for sanctions in open court. The written judgment of these rulings was not issued until September 11, 2023 pursuant to a request from this Court. Plaintiff's timely appeal followed.

On appeal, GTS raises three assignments of error:

---

[2] The next day, River Ridge filed an opposition to the motion for contempt arguing that it should be denied or dismissed as moot.

1) The trial court procedurally erred in denying appellant's motion to set aside dismissal for abandonment on May 15, 2023 for "failure to prosecute" even though GTS had received notice setting the hearing date for May 16;

2) The trial court substantively erred in denying the motion to set aside dismissal for abandonment because not more than three years had elapsed since the last "step" in the case occurred to interrupt abandonment;

3) The trial court erred in denying GTS's motion for sanctions against River Ridge and/or its counsel for obtaining its ex parte judgment of dismissal for abandonment through misrepresenting the law.

We consider this first assignment of error in our discussion below, and pretermit discussion of the other assignments of error.

DISCUSSION

*Notice of Hearing*

We begin with an examination of appellant's first assignment of error: whether the trial court erred in denying GTS's Motion to Set Aside Dismissal for Abandonment for "failure to prosecute" because GTS did not appear for the May 15, 2023 hearing. Louisiana Code of Civil Procedure Article 1672 authorizes the trial court, on its own motion, to dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial. However, Louisiana Code of Civil Procedure Article 1571 mandates that district courts prescribe rules requiring adequate notice of trial to all parties. As the comments to that article state, adequate notice is a minimum requirement for reasons of due process. Further, La. C.C.P. art 2004 states that "[a] final judgment obtained by fraud or ill practices may be annulled."

Generally, a final judgment rendered against a party that has not been served proper notice of a hearing or trial is a relative nullity. See La. C.C.P. art. 2004; *Nullity of Judgments*, 1 Louisiana Civil Law Treatise, Civil Procedure, §12.6, pp. 1-2, fn. 5 ("If notice other than process is not properly served upon a party and judgment is rendered against the party as a result thereof, the judgment may be

voidable under [La.] C.C.P. art. 2004 as one obtained by fraud or ill practices.");

*Sweeney, Inc. v. Olivier*, 589 So.2d 61, 62-3 (La. App. 1st Cir. 1991). The record in this case shows that notice was sent by the clerk of court on April 24, 2023 to counsel for GTS stating that the Motion to Reset Motion to Set Aside Order of Dismissal for Abandonment was fixed for hearing/trial on the 16th of May, 2023 at 9:00 a.m., one day later than the actual hearing date of May 15th. Such notice advising GTS of the wrong hearing date fails to meet the requirements of due process. Therefore, we declare the September 11, 2023 judgment of the trial court null and void. The courts have taken a broad view of what constitutes an "ill practice" under Article 2004. *Sweeney*, 589 So.2d at 62. The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. *W.G.T. v. E.A.A.*, 14-4 (La. App. 5 Cir. 9/10/14), 150 So.3d 339, 348-49.

In light of this determination, we pretermit any discussion concerning appellant's other assignments of error. We remand this case for further proceedings consistent this judgment.

**REVERSED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 22, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-437

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
JULIE U. QUINN (APPELLANT)          CHARLES V. CUSIMANO, III (APPELLEE)          WILLIAM PETER CONNICK (APPELLEE)

**MAILED**

CHRISTOPHER M. GAFFNEY (APPELLEE)
MICHAEL G. GAFFNEY (APPELLEE)
ATTORNEY AT LAW
3015 19TH STREET
METAIRIE, LA 70002