jiKNOLL, Judge.
Plaintiff, Ricky Guidry, appeals the dismissal of his suit with prejudice after neither he nor his counsel appeared on the day the action was set for trial.
FACTS
The facts in the case sub judice are essentially undisputed. Mr. Guidry filed a personal injury action against defendants on August 1, 1991. Mr. Guidry was initially represented by Charles Brandt. At some point, Mr. Brandt ceased to represent Mr. Guidry and was succeeded by Peter Piccione. However, there was no recorded withdrawal of Mr. Brandt[1] or enrollment of Mr. Piccione. The last pleading addressed to Mr. Brandt was dated October 9, 1991. The record indicates no further action on the case until August 11, 1992, when defendants made a motion to fix trial. While this motion did not result in a trial date, it was served by defendants on Mr. Piccione and is the first pleading indicating Mr. Piccione was, at that point, Mr. Guidry’s attorney. Another motion |2to fix trial was served on Mr. Piccione on December 29, 1992. However, on January 4, 1993, when the trial was set for May 4, 1993, the Clerk of Court mailed the notice of trial setting to Mr. Brandt (who was still the plaintiffs attorney of record).
On March 2,1993, the trial court signed an ex parte motion by Mr. Piccione to withdraw as counsel of record. On May 4, 1993, neither Mr. Guidry nor any counsel representing him appeared before the court. On the motion of defendants, Mr. Guidry’s suit was dismissed with prejudice. On June 23, 1993, present counsel for Mr. Guidry filed a motion for a new trial. However, there is no indication in the record that this motion was ever tried on the merits. On June 28,1993, counsel for Mr. Guidry filed this appeal.
ASSIGNMENT OF ERROR
Plaintiff alleges due process violations and local rule violations in arguing the trial court erred by dismissing his suit with prejudice. We begin by noting LSA-C.C.P. Art. 1672(A) leaves the decision of whether to grant dismissal with or without prejudice in the sound discretion of the trial judge.
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
While the plaintiff does not deny the notice of trial was sent to his then attorney of record, Mr. Brandt, the plaintiff attempts to prove the Clerk of Court had been *438 put on notice that Mr. Piecione had succeeded Mr. Brandt. However, the plaintiff attempts this proof by way of documents that were not entered into evidence at trial. Rather these documents were made part of the record for the first time by a motion to designate the record, filed on August 31, 1993. For this court to accept these documents would be the equivalent of taking evidence; a power that only a court of original jurisdiction may exercise. In White v. West Carroll Hospital, Inc., 613 So.2d 150 (La.1992), the plaintiff tried to introduce for the first time on appeal, the record of a prior, but related case into the record of the case under appeal. In ^upholding the appellate court’s refusal to consider the evidence, the court stated:
“To receive the record [of the prior suit] in evidence in this suit would constitute the taking of evidence and the exercise of original jurisdiction in a matter in which neither the court of appeal nor this court is vested with authority to do so. This is not a matter dealing with correcting erroneous records or supplementing records which are deficient as to matters actually introduced in evidence. Accordingly, this court cannot consider evidence which was not part of the record made in the trial court in this suit.” Id., at 154. (Citations omitted).
This court may not consider the documents plaintiff entered into the record with his motion to designate the record. Therefore, there is no evidence supporting the plaintiffs allegation that the Clerk of Court knew Mr. Brandt was not the plaintiffs attorney.
In reviewing a trial court’s decision to dismiss a case with prejudice, this court must recognize the trial court is vested with wide discretion. See Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.1989), writ denied, 546 So.2d 1215 (La.1989).
“[T]he trial judge’s knowledge of ‘the condition of his docket, fairness not only to both parties but also to other litigants in his court, and the need for an orderly and prompt administration of justice’ provides him with superior ability to determine the terms of the dismissal.” Id., at 210. (Citations omitted.)
There is no question the Clerk of Court sent the notice of trial to the plaintiffs then attorney of record, Mr. Brandt. In doing so, the Clerk of Court fulfilled its obligation to the plaintiff. It is the obligation of the attorney and not the clerk to have the court recognize him or her as the attorney of record for a litigant. Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131 (La.App. 5 Cir.1989). The law clearly holds that notice to a litigant’s attorney may constitute notice to that litigant. Barber v. Testa, 331 So.2d 139 (La.App. 3 Cir.1976). Where the plaintiff had constructive notice of the trial date and failed to appear, we cannot say the trial court abused its discretion in dismissing the plaintiffs case with prejudice. Moreover, the mailing of notice to defendant’s counsel of record is sufficient to satisfy due process requirements. Coleman E. Adler & Sons, Inc., |4supra, Mitchell v. Dresser Industries, Inc., 472 So.2d 183 (La.App. 4 Cir.1985).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.

. The record did contain a motion to withdraw by Mr. Brandt, which was granted on July 19, 1993. However, this belated formal withdrawal occurred after all germane events had taken place and is not relevant to the issue before us.