730 So.2d 971 (1999)
Daniel CHANEY
v.
COASTAL CARGO, INC., et al.
No. 98-CA-1902
Court of Appeal of Louisiana, Fourth Circuit.
January 20, 1999.
William R. Mustian, III, Stanga & Mustian, Metairie, Louisiana, Attorney for Plaintiff/Appellant.
James C. Murphy, Jr., New Orleans, Louisiana, Attorney for Defendants/Appellees.
*972 Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY III, Judge Pro Tempore JAMES C. GULOTTA.
JAMES C. GULOTTA, Judge Pro Tem.
Plaintiff appeals the trial court's granting of defendants' motion for summary judgment dismissing his suit. The issue in this appeal is whether plaintiff received proper notice of defendants' motion for summary judgment. We conclude that he did not. Accordingly, we reverse and remand.
On January 24, 1994, plaintiff filed a personal injury action against Coastal Cargo, Inc. and T.T.C., Inc. alleging liability under the Jones Act or alternatively, 33 USC 905(b), the Longshore and Harbor Workers' Compensation Act. Additional defendants were added July 17, 1995 in a supplemental and amending petition. The injury upon which plaintiffs suit is based occurred on January 11, 1994 while plaintiff was unloading cargo from a vessel in the Mississippi River.
On May 30, 1997, original defendants Coastal Cargo and T.T.C. filed a motion for summary judgment. Because they were unable to serve the plaintiff through his counsel of record, William Perry, the hearing on the motion was continued from August 15, 1997 until September 26, 1997. A "Motion to Reschedule Motion for Summary Judgment" was served on plaintiff's attorney on September 8, 1997. Neither plaintiff nor his attorney appeared at the September 26th hearing; nor did they file any opposition to defendants' motion. At the conclusion of the hearing, the trial court granted the motion for summary judgment without written reasons, dismissing, with prejudice, plaintiffs suit against Coastal Cargo and T.T.C.
On October 3, 1997, Perry filed a motion for new trial on behalf of plaintiff. Subsequently, Perry withdrew as counsel, and new counsel, William Mustian, appeared for plaintiff at the January 23, 1998 hearing on the new trial motion. That motion was denied, and plaintiff takes this appeal.
Chaney asserts two arguments on appeal: (1) that the trial court erred by rendering summary judgment (and denying the motion for new trial) because plaintiff was never served; and (2) the trial court erred by dismissing plaintiffs entire action on the basis of a motion filed by only two of the five named defendants. After reviewing the record, we conclude that the trial judge erroneously granted summary judgment in the absence of any evidence in the record showing service of the motion for summary judgment on the plaintiff.
The record reflects only that on September 8, 1997, William Perry, plaintiffs counsel, was served with a "Motion to Reschedule Motion for Summary Judgment." Plaintiff contends, and defendants do not dispute, that the documents served on Perry at that time did not include either the original motion for summary judgment or its attachments. It is also undisputed that neither plaintiff nor his counsel appeared at the rescheduled hearing or filed an opposition to the motion. Finally, defendants admit that the first hearing was rescheduled because several attempts to serve the motion and supporting documentation on plaintiffs attorney had failed.
Louisiana Code of Civil Procedure article 966(B) states, in pertinent part: "The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing." The law is clear that a motion for summary judgment is a pleading which requires proper service by the sheriff. Strickland v. Board of Supervisors of Louisiana State University, 432 So.2d 964, 966 (La.App. 4th Cir.1983). In Peters v. Charity Hospital of La., 490 So.2d 505, 507 (La.App. 4th Cir. 1986), this court held that it was error for the trial court to have considered a motion for summary judgment where the motion and supporting affidavits were neither filed in the record nor served on opposing counsel as required by the Code of Civil Procedure. An objection to service is waived only when the opposing party makes a general appearance ( i.e., appears at the hearing and argues the merits of the motion). Strickland, supra, at 966.
In the instant case, defendants contend that because plaintiffs counsel received actual notice of the summary judgment hearing when he was served with the motion to *973 reschedule, he had a duty to take some initiative to acquire a copy of the motion and supporting documentation from the clerk's office and/or to request that the hearing be continued. Defendants cite no authority for this position. Rather, they argue that the instant case should be analogized to Louisiana jurisprudence concerning the effectiveness of a plea of prescription when a party has been incorrectly designated in a pleading and an attempt is made to substitute the correct party. In those cases, the amended pleading generally relates back for purposes of prescription where the substituted defendant has actual notice of the institution of the action, and knows or should have known that but for a mistake as to identity of the proper party defendant, the action would have been brought against him. See generally, Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). According to defendants, the instant situation is analogous because plaintiff received "notice" of the hearing, and "but for a mistake" by the sheriff in failing to include the motion for summary judgment in the service on Perry, the basis for the motion for new trial would not exist.
We disagree. It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice. We disagree with defendants' claim that actual notice of the hearing by plaintiff relieves defendants of the responsibility of providing proper notice. See, e.g.: State Dept. Transp. v. Unknown Owners, 27,150 (La.App. 2 Cir. 9/27/95), 661 So.2d 626, writ denied, 95-2497 (La.12/15/95), 664 So.2d 459.
Under the circumstances, we conclude that the trial court erred by dismissing plaintiffs action against the defendants on summary judgment. Because of our holding on the notice issue, it becomes unnecessary to consider plaintiffs alternative argument.
Accordingly, for the reasons stated, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.