| .GUIDRY, J.
Appellant, Nace J. Macaluso, appeals the trial court’s grant of summary judgment in favor of appellee, Ron S. Macalu-so. Finding that appellant was not afforded prior notice of the hearing and an opportunity to present arguments and evidence in opposition to the motion, we reverse.
FACTS AND PROCEDURAL HISTORY
A petition was filed by appellant against Ron S. Macaluso, Richard C. Macaluso and Debbi Macaluso Peare on July 8, 1998. Defendants filed exceptions to the petition. ,On September 22, 1998, one of the defendants, Ron Macaluso, filed a motion titled “Motion to Strike and/or Alternatively Motion for Summary Judgment with Memorandum and Supporting Data.” Appellant filed a memorandum in opposition to this motion.[1] In the order attached to the motion to strike and/or for summary judgment, a hearing date of December 7, 1998 was assigned. This order was signed by the trial judge on September 30, 1998. There is no evidence in the record that notice of this hearing date was sent to appellant.
On November 10, 1998, appellant submitted a motion to the trial court to assign a date for hearing the exceptions and the motion to strike and/or alternatively motion for summary judgment submitted by Ron Macaluso. An order was signed by the trial court on November 13, 1998 setting a hearing date of January 25, 1999. Despite signing a second order assigning a later hearing date, the trial court, nevertheless, heard arguments on the motion on December 7, 1998. Neither appellant nor counsel for appellant were present at the hearing, and the trial court rendered judgment in favor of lathe mover. A written judgment granting summary judgment in favor of Ron Macaluso was signed on December 7,1998.
In his brief, appellant asserts that “[i]t was not until the morning of January 25, 1999, when plaintiff and his counsel were preparing to attend the hearing of the Motion, that for the first time he received the notice of the rendition of the Judgment and a copy of that Judgment!,]” referring to the December 7, 1998 judgment. Appellant further alleges, in brief, that he still showed up, in accordance with the notice that he had been given, for the hearing scheduled for January 25, 1999, *182 and was told by the trial court that the matter had been previously determined. Appellant then filed a motion and order to devolutively appeal the December 7, 1998 judgment.[2]
DISCUSSION
On appeal, appellant asks this court to reverse the judgment based on alleged procedural errors committed by the trial court. Appellant contends that it was error for the trial court to grant summary judgment in favor of the mover in light of appellant’s lack of notice and consequential failure to attend the hearing on the motion. Appellee conversely argues that in spite of this procedural error, the judgment should be upheld since the basis for rendering the judgment is predicated upon the mover being able to show, by the pleadings and discovery submitted, that he was entitled to judgment as a matter of law. According to appellee, this evidence was before the trial' judge, and it was solely upon this evidence that the trial judge based its decision.
Both parties to this appeal cite the same section of Louisiana Code of Civil Procedure article 966 as entitling them to judgment in their favor:
|4B. The motion for summary judgment and supporting affidavits shall be served at least ten days before, the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
La. C.C.P. art. 966(B). (emphasis added).
In addition to the notice requirement mandated under the Code of Civil Procedure, appellant further directs our attention to the rules of court governing the Twenty-First Judicial District that provide:
Section 3. Unless it is otherwise specifically provided by statute, at least fifteen days notice will be required for trial on the merits and five days notice on Motions, Rules and Exceptions. These delays will commence on the day after the notice provided for in Section 4 of this rule.
Section 4. The Clerk of Court, within two judicial days, will give written notice to all parties of any assignment.
Rules of the Twenty-first Judicial District Court, Rule XI. (emphasis added). These rules were promulgated in accordance with La. C.C.P. art. 1571, which requires that the district courts of this state establish rules so adequate notice of the dates set for trials are provided to all parties of record.
The purpose of the summary judgment motion is to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Scott v. McDaniel, 96-1509, pp. 4-5 (La.App. 1st Cir.5/9/97), 694 So.2d 1189, 1191, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. It is true that in order to prevail on a motion for summary judgment, the mover must prove that there is not a genuine issue of material fact and that based upon the pleadings, affidavits, depositions, answers to interrogatories and admissions on file, he is entitled to judgment in his favor, as a matter of law. La. C.C.P. art. 966(B). The [sburden of proof is on the mover and must be met, even in the absence of opposition or submission of evidence to the contrary.
It is also true that under La. C.C.P. art. 966, any judgment rendered in accordance therewith must be based on proof by the *183 mover that he is entitled to judgment pursuant to substantive law. However, as shown in the following ' jurisprudence, courts have consistently found that the mover must also show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal.
The court in Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4th Cir.1/20/99), 730 So.2d 971, 973 concluded that it was error for the trial court to dismiss the plaintiffs suit on summary judgment when the plaintiff had not been given proper notice of the date set for hearing. Counsel for the plaintiff in that case first became aware of a pending motion for summary judgment when he was served with a “Motion to Reschedule Motion for Summary Judgment.” Plaintiff was never served with the original motion for summary judgment or its attachments and a hearing on the motion that had previously been scheduled was reset when service of the original motion could not be made. Yet, even after having received service of the motion to reschedule the hearing, plaintiff still had not been served with the original motion and attachments. Therefore, neither plaintiff nor his counsel appeared at the hearing on the motion nor filed any'opposition to the motion for summary judgment. The judgment of the trial court granting the motion for summary judgment was reversed.
As stated by the court in Villavasso v. Lincoln Beach Corporation, 146 So.2d 7, 12 (La.App. 4th Cir.1962):
We further conclude that said Article 966 clearly intends that the procedure under it will be carried on contradictorily with adverse counsel, or party, and that a time shall be fixed by | fiCourt order for a hearing to be held at least ten days after service of the motion on opposing counsel, or party, which method would afford the adverse party a reasonable opportunity to appear and to present evidence and argument.
Appellee suggests that because appellant had knowledge of the pending motion for summary judgment, the onus fell on him to find out when the matter was set for hearing. We disagree. Procedural due process requires an opportunity to be heard, in addition to notice of the pen-dency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental. Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699, 701 (La.App. 1st Cir.1985). “It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice.” Chaney, 98-1902 at p. 4, 730 So.2d at 973. The granting of a motion for summary judgment is a final judgment. La. C.C.P. art. 968.
There is nothing in the record to indicate that appellant’s failure to appear at the hearing on the motion for summary judgment was due to any bad faith on his part. There was never any notice sent advising appellant of the date set for the hearing on the motion, and appellee admits that appellant did not receive notice.' The record demonstrates that the trial court erred in rendering a judgment without first affording appellant an opportunity to appear and be heard on the motion for summary judgment.
CONCLUSION
Therefore, based on the foregoing, we reverse the judgment of the trial court granting summary judgment in favor of Ron Macaluso and remand this matter for further proceedings consistent with the law and this opinion. Costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.

. Appellant's memorandum in opposition was filed with the clerk of court on September 21, 1998, one day prior to Ron Macaluso lodging his motion. However, the certificate of service signed by Ron Macaluso indicates that a copy of the motion was mailed to opposing counsel on September 15, 1998, thereby explaining the disorderly filing.

. Appellant filed both a motion for appeal and a motion for new trial on January 26, 1999. However, the minute entry indicates that because counsel for appellant failed to appear at the hearing, the motion for new trial was denied.