769 So.2d 626 (2000)
Kevin F. PYLE
v.
Jodie Aucoin PYLE.
No. CA-00-55.
Court of Appeal of Louisiana, Third Circuit.
June 28, 2000.
D.S. "Terry" Fitzgerald, Jr., Lafayette, LA, Attorney for Plaintiff/Appellee.
Kathy Fontenot-Meyers, Ville Platte, LA, Attorney for Defendant/Appellant.
(Court composed of HENRY L. YELVERTON, ULYSSES G. THIBODEAUX and ELIZABETH A. PICKETT, Judges).
YELVERTON, J.
The issue before us is whether Jodie Nugent, suing to nullify a judgment rendered against her, sustained her burden of proving that the judgment was null. The trial judge rejected her demand, and dismissed the suit. She appealed. We affirm.
The judgment Jodie sought to annul was rendered in 1992. It came out of a divorce case. On June 4, 1991, Kevin F. Pyle filed a petition against Jodie Pyle, now Nugent, for divorce and partition of community property. The petition was accompanied by a sworn descriptive list of community property. Jodie, represented by counsel, contested the action and also filed a sworn detailed descriptive list of community property.
On August 13, 1991, the parties filed a joint motion for summary judgment praying *627 for a divorce based on a joint stipulation of facts. A judgment of divorce was rendered that same day. It stated that the community property petition was relegated to future proceedings.
On October 14, 1991, Kevin filed a motion to set the community property dispute for trial. On July 28, 1992, an order was signed setting the trial date for November 17, 1992. The Clerk of Court mailed notice of this order to Jodie's attorney of record, Elizabeth A. Dugal.
On August 3, 1992, after receiving notice of the trial date, Ms. Dugal filed a motion to withdraw as counsel stating that she was not retained to represent Jodie for the community property settlement. The motion further stated that Ms. Dugal did not have a current address or phone number for Jodie, and had had no contact with her in "at least ten months." The district judge signed an order which allowed Ms. Dugal to withdraw as Jodie's attorney, and he also ordered that Jodie be notified.
The trial took place as fixed on November 17, 1992. Kevin and his attorney were present. Neither Jodie nor an attorney representing her was present. Judgment was rendered against Jodie for $4,148 plus legal interest and costs.
Six years later Kevin sought to make the judgment executory in Evangeline Parish, where Jodie then lived. An order was signed on February 13, 1998, granting the request. Accompanying the order was a petition for examination of judgment debtor.
Jodie filed pleadings to declare the 1992 judgment null. She claimed that the judgment was null because there was no service of process as required by La.Code Civ.P. art. 2002(A)(2).
The matter was tried on written stipulations, which we quote from the record as follows:
1. June 6, 1991Personal service of process and citation on [JODIE] NUGENT'S attorney of record, Elizabeth Dugal;
2. June 21, 1991[JODIE] NUGENT'S attorney of record files an answer entitled "Answer to Petition for Divorce and Partition of Community Property";
3. June 26, 1991[JODIE] NUGENT'S attorney of record filed a sworn detailed descriptive list signed by [JODIE] NUGENT;
4. October 10, 1991PYLE'S attorney files a Motion to Set for Trial and Certificate of Readiness;
5. July 28, 1992Notice of Trial Date and Time was sent to the parties' attorneys of record;
6. August 3, 1992[JODIE] NUGENT'S attorney of record withdraws as her attorney with a specific court order to notify [JODIE] NUGENT of her withdrawal; and
7. November 17, 1992Trial was held and Judgment was rendered against [JODIE] NUGENT.
Jodie contends on appeal that because she did not receive notice of the trial date, the judgment should be nullified pursuant to Article 2002(A)(2). Kevin argues that service of notice of the trial date was made in compliance with La.Code Civ.P. art. 1314 through service on Jodie's attorney prior to Ms. Dugal's withdrawal, and that therefore proper notice was given.
Louisiana Code of Civil Procedure Article 2002, as it read when this judgment was rendered, stated in pertinent part:
2. A final judgment shall be annulled if it is rendered:
* * *
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
* * *
Article 2002 is not applicable in this case. The grounds for nullity enumerated *628 in the article are exclusive as to vices of form. Hebert v. Hebert, 96-2155 (La.App. 1 Cir. 9/19/97); 700 So.2d 958. As the stipulations and the record show, not only was personal service of process and citation of the petition for divorce and partition effectuated, but also Jodie made a general appearance. Failure to receive notice of trial does not come within the purview of any of the grounds for nullity contained in Article 2002. Sweeney, Inc. v. Olivier, 589 So.2d 61 (La.App. 1 Cir. 1991).
Although the appellant has not complained of an ill practice, resting her entire case, both below and on appeal, on Article 2002, we have considered La.Code Civ.P. art. 2004 because a plea of prescription has not been filed. Article 2004 allows nullity of a judgment obtained by ill practices. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The criteria for determining whether there has been an ill practice are when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscionable and inequitable. In the present case, it cannot be said that Jodie was deprived of any legal rights, or that the enforcement of the judgment would be unconscionable and inequitable. Mailing of notice of the trial date to Jodie's counsel of record was authorized by La.Code Civ.P. art. 1314, as it read in 1992. Mailing of notice to defendant's counsel of record is sufficient to satisfy due process requirements. Guidry v. Lafayette Bldg. Ass'n, 93-1302 (La.App. 3 Cir. 5/4/94); 640 So.2d 436; Palombo v. Palombo, 94-95 (La.App. 3 Cir. 10/5/94); 643 So.2d 445.
Louisiana Code of Civil Procedure Article 1571 requires district courts to prescribe the procedure for assigning cases for trial, by rules which shall require adequate notice of trial to all parties. Rule 7.5 of the Sixteenth Judicial District Court in effect in 1992 required the Clerk of Court to send copies of all written orders to the attorneys of record. Rule 7.4 required that an attorney withdrawing from a case must certify that the client has been notified. In the present case, notice of the trial date was sent by the Clerk of Court to Jodie's attorney of record. The withdrawing attorney, not being able to certify that she had notified Jodie of her intention to withdraw, explained why, certifying that she had not been in contact with Jodie for at least 10 months and did not have a current address or phone number for her.
When the trial judge granted the motion for Jodie's attorney to withdraw, he hand-wrote an order stating "that Jodie Pyle be notified." The trial judge did the best that he could to assure that Jodie would get actual notice not only of the trial date, but also of the fact that her attorney had withdrawn. It was then up to her former attorney to find and notify her. It was not the responsibility of the trial judge or the Clerk of Court.
We have searched the record thoroughly, and there is no evidence, nor was it stipulated, that this order was not carried out. Neither Jodie nor her former attorney testified; the matter was submitted on stipulated facts. Her petition for nullity alleges merely that she was "never served with the service of process as required by law." Before Jodie could take even the first step in establishing an ill practice, she had to prove the deprivation of some legal right. She has failed to prove the deprivation of any legal right. She was properly notified of the trial date and she failed to prove that she was not notified of the withdrawal of her attorney.
We are aware of two decisions of the court of appeal for the fourth circuit which nullified judgments rendered against unrepresented litigants whose attorneys withdrew after notice of trial. Century Bank in New Orleans v. Harold Doley, 527 So.2d 437 (La.App. 4 Cir.1988), and Joann Jones v. United States Fidelity, et al., 596 So.2d 834 (La.App. 4 Cir.1992). These cases are factually distinguishable. In the first case, the court found that *629 Doley was not notified of the trial date. In the second case, lack of notice was established in a summary judgment setting. In both, the address of the non-noticed party was known.
For these reasons, the judgment dismissing Jodie's nullity action is affirmed. Jodie Nugent will pay all costs.
AFFIRMED.