| JOAN BERNARD ARMSTRONG, Chief Judge.
Claimant-appellant, Albert Darby, appeals a summary judgment in favor of the defendant-appellee, U-Haul Company, rendered pursuant to a hearing held by the Office of Workers’ Compensation (OWC)on October 6, 2003, which judgment denied Darby’s compensation claim for an alleged job related back injury. We reverse and remand.
Darby began working as a mechanic for U-Haul in 1992. On March 10, 2003, Darby filed a disputed claim for compensation, LDOL form 1008, alleging that he injured his back while lifting a tire at work on October 16, 2001. Darby was 69 years old when this claim was made.
In connection with the workers’ compensation claim, Darby was required to complete LDOL form 1020, the employee’s monthly report of earnings. Question number seven on this form asks the employee to state the amount received from “old age insurance benefits under Title II of the Social Security Act.” From September 1, 2002, until February 1, 2003, Darby answered “0” to this question. In February of 2003, Darby changed his answer to $227.00. On February 4, 2003, Darby signed a statement, confirming that he had been receiving social security benefits since age 62.
U-Haul propounded Requests for Admissions to Darby concerning his failure to report the social security benefits. The Requests for Admissions were served through Darby’s attorney of record, Gregory Unger. No response was made. The Requests for Admissions were deemed admitted by the OWC on June 24, 2003. On that same date, an order was signed decreeing that Darby’s attorney had withdrawn from representation.
On August 21, 2003, U-Haul filed a Motion for Summary Judgment, seeking to have Darby’s workers’ compensation claim dismissed. The motion asserts that Darby violated La. R.S. 23:1208 by representing that he was not receiving any social security benefits when, in fact, he later admitted receiving such benefits. There is a certificate of service on the motion for summary judgment showing service of this motion “on counsel for all parties ... by mailing the same by United States mail,” in spite of the fact the order allowing counsel for Darby to withdraw was signed almost two months earlier.
On August 27, 2003, the OWC judge signed the order setting U-Haul’s motion for summary judgment for a show cause hearing on October 6, 2003. The face of that order contains the following service instructions:
PLEASE SERVE CERTIFIED COPY OF
MOTION, MEMORANDUM AND EXHIBITS:
ALBERT DARBY
8920 Lake Forest Blvd.
New Orleans, Louisiana 70127
Service pursuant to these instructions would cure any service defect related to service by mail on an attorney no longer representing Darby. However, there is no evidence of service in the record.
The record contains a “Notice of Final Judgment” dated October 17, 2003, stating that the final judgment was rendered on October 17, 2003, but the “Final Judgment” is neither dated nor signed. Darby does not raise any issues in this regard in his “brief’.
*898 The transcript of the hearing shows that it occurred on October 10, 2003, but the minutes reflect that it was held on October 6, 2003, as does the undated and unsigned judgment.
Although the judgment is undated and unsigned the hearing on U-Haul’s motion for summary judgment concludes with the following statement by the OWC judge:
All right. I’ll grant it [the motion for summary judgment] based on his misrepresentation in reference to Social Security, but I’m not granting it in reference to FCE. I’ll grant your Motion for Summary Judgment. I need you to submit an order.
Darby filed a one page handwritten pro se appellant “brief’ contending that his misrepresentations concerning his Social Security benefits occurred through ignorance on his part and not through fraud. More importantly, Darby’s “brief’ concludes with the following statement: “I was not notified of the Oetober-6-2003 hearing.”
We find that this last quoted statement is sufficient to raise the issue of insufficiency of service of process. U-Haul does not address this issue in its brief. The total lack of any evidence of service on Darby of notice of the hearing of U-Haul’s motion for summary judgment, borne out by his failure to appear, leaves us no choice but to conclude that Darby has not been afforded adequate procedural due process. In addition to the lack of documentary evidence of service of process in the record, we note that there is no mention of service in the transcript of the [ 4hearing on the motion for summary judgment. When the claimant failed to show for the hearing, the workers’ compensation judge did not ask whether he had been served or notified and the attorney for U-Haul made no statement directed to the question of service and offered no evidence in that regard. Accordingly, we do not reach the merits of the underlying claim. Nor need we consider the significance, if any, of the fact that what purports to be the judgment is neither dated nor signed.
For the foregoing reasons, the judgment of the OWC is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.