FREDERICKA HOMBERG WICKER, Judge.
|2The claimant in this worker’s compensation proceeding, Cristian Roman, appeals the judgment in favor of the defendant/employer, Consolidated Companies, Inc. d/b/a Conco Food Services (CONCO), granting summary judgment and dismissing Mr. Roman’s compensation claim with prejudice. Mr. Roman, who is unrepresented on appeal, specifies several errors, which we pretermit since we find merit to his argument that he did not receive notice of the motion for summary judgment hearing. For the following reasons, we reverse and remand.
Procedural History
On November 29, 2010, CONCO filed a motion for summary judgment seeking dismissal of the compensation claim. CON-CO moved for summary judgment urging that Mr. Roman forfeited his right to further benefits by violating La.R.S. 23:1208 (providing civil and criminal penalties for misrepresentations concerning benefit payments) and Mr. Roman, who had been paid indemnity |sbenefits during the period of his disability, was not entitled to additional benefits. Defense counsel certified that a copy of the motion, memorandum, and supporting documents was served by mail on opposing counsel. On that day, the Office of Worker’s Compensation (OWC) judge set the matter for hearing on January 7, 2011. The order requested service on Mr. Roman through his attorney of record, Brett E. Emmanuel. A few weeks after the OWC judge set the matter for hearing, however, Mr. Emmanuel filed a motion to withdraw as counsel on December 14, 2010. Mr. Emmanuel never filed any opposition to the motion for summary judgment. He represented that Mr. Roman had been “advised concerning the status of his claim” and that he advised Mr. Roman by means of the attached letter that he no longer represented Mr. Roman.
Two days later, the OWC judge signed an ex parte order granting the motion to withdraw. Mr. Emmanuel’s letter to Mr. Roman, dated December 15, 2010, advised *897 Mr. Roman that he would no longer represent him. The letter stated that Mr. Emmanuel enclosed a copy of the notice of trial set for January 24, 2011. He further advised Mr. Roman that the motion for summary judgment was set for January 7, 2011. That letter is the only purported personal notice to Mr. Roman contained in the record since the order setting the date only requested service on Mr. Emmanuel. The attorney’s letter referenced “certified return receipt requested 7009 2820 0002 8821 9101” sent to Mr. Roman at 10110 Douglas Oak Circle, Apt. 202, Tampa, Florida 33610. There is no return receipt with that number contained in the record to indicate that Mr. Roman received notice of the hearing through counsel.
The matter came for hearing on January 7, 2011. Mr. Roman was not present. The OWC judge stated:
RNotice of this hearing was sent to Mr. Roman at his last known address. That mail has gone unclaimed. And what we are here to do this morning is hear a motion for summary judgment brought by the employer in this matter, which motion, in fact, is unopposed.
The record contains return receipts for certified mail, none of which indicate the Mr. Roman personally had notice of the hearing.
On the same date that Mr. Emmanuel filed the motion to withdraw, he also filed a petition for intervention. In his motion to withdraw, Mr. Emmanuel provided the court with Mr. Roman’s address: 10110 Douglas Oak Circle, Apt. 202, Tampa, Florida 33610 as well as his telephone number.
On December 22, 2010, the clerk sent copies by certified mail of the withdrawal and intervention to Mr. Roman, neither of which provided notice of the hearing date. That mailing, however, was undeliverable. Apparently the OWC judge was referring to the undeliverable mail advising of the withdrawal and intervention. The record reveals that the mail was sent to the wrong address: 10100 Douglas Oak, rather than 10110 Douglas Oak. The clerk resent these pleadings by certified mail to the correct address on January 5, 2011, two days before the hearing. According to the record, Mr. Roman received that mailing on January 10, 2011, after the hearing date.
The OWC judge rendered judgment on January 12, 2011. The clerk certified that she mailed that day, by certified mail, a copy to Mr. Roman at the 10110 address. According to the record, Mr. Roman received the notice of judgment on January 20, 2011. Mr. Roman filed a timely notice of appeal complaining that he never received notice of the hearing date.
Analysis
Mr. Roman asserts that he personally did not receive notice. He does not dispute that his counsel at the time was served with notice of the hearing.
IsCONCO responds that Mr. Roman received notice first through his former attorney of record when the attorney was served with notice of the hearing, and second when his attorney provided notice of the hearing date by his letter informing Mr. Roman he was withdrawing. There is however, no indication in the record that Mr. Roman ever received notification of the hearing date.
CONCO also relies on La. Admin Code, tit. 40, pt. I, § 5547 concerning withdrawal of counsel, urging that counsel complied with the procedure for withdrawal:
A. When an attorney seeks to obtain an ex parte order to withdraw as counsel for a party, he shall include in his application the last known address of the claimant along with a statement that he has given written notice to the party he *898 was previously representing that he is no longer of counsel to him and of the status of the case on the court’s docket. The attorney shall certify to the court that he has given notice to all counsel of record at the same time and in the same manner as notification to the court. A copy of such written notice and certification shall be attached to the application for the ex parte order for withdrawal. An attorney who has been permitted by ex parte order to withdraw shall give notice of same to all parties.
B. Counsel of record who withdraws or is discharged prior to submission of the case, and desires to assert a claim for fees, must attach a statement to that effect and set forth the period of time during which his client was under his or her representation. Counsel shall also file a lien form, to be developed by the Director, identifying any lien he may have on the pending claim for payment of attorney fees.
Mr. Roman, however, does not challenge the OWC judge’s granting the motion to withdraw. Further, a statement by counsel that he has given written notice to the party of the status of the case is inadequate due process notice. That statement does not indicate that Mr. Roman received notice.
At the time the motion for summary judgment was filed in this matter, Mr. Emmanuel was counsel of record for Mr. Roman and could have been served on his behalf with any pleading subsequent to the filing of the original petition in ^accordance with La.C.C.P. arts. 1312-1314. However, shortly thereafter, counsel withdrew.
We find that in this circumstance counsel’s withdrawal before the hearing where the unrepresented litigant’s claim was dismissed without any indication in the record that the claimant received notice from the OWC judge, implicates due process cerns.
A judgment granting summary judgment is a final judgment. La.C.C.P. art. 968. “It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice.” Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4 Cir.1/20/99), 730 So.2d 971, 973
In the analogous case of Davis v. Dunn & Bush Const., 01-2472, p. 4 (La.App. 1 Cir. 4/9/03), 858 So.2d 451, 453, the OWC judge, as in this case, dismissed the litigant’s claim. The claimant in that case did not appear for trial. The First Circuit held that the claimant was entitled to written notice of trial when his attorney was allowed to withdraw. Davis held (footnotes omitted):
When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness.
Id. at 3-4, 453.
In this case, the OWC attempted to ensure that Mr. Roman had notice of his *899 counsel’s withdrawal but unfortunately that notice did not provide notice of the hearing date and it was sent to the wrong address. Moreover, the withdrawing 17attorney only submitted a statement that he mailed notice of the hearing to Mr. Roman and he did not present evidence that Mr. Roman received notice.[1]
In Metro Gaming & Amusement Co. v. Deckbar & Grill, L.L.C., 07-546, p. 7 (La.App. 5 Cir. 12/11/07), 972 So.2d 1264, 1268, because the record did not reflect that the defendants received adequate notice of trial, we vacated the judgment of the trial court and remanded the matter for a new trial. Id. In that case, as in the present case, although the withdrawing counsel certified that he mailed notice of trial to his client, the record did not contain a return receipt indicating that the client received notice.
Deckbar is distinguishable in part because Deckbar considered two issues: whether the trial judge erred in granting the motion to withdraw (a consideration not present here), and whether the litigant had adequate notice of trial. On the issue of adequate notice, however, Deckbar governs here because as in Deckbar, there was no showing that the litigant received notice of the scheduled hearing.
In addition to proof that the mover is entitled to judgment under the substantive law, “courts have consistently found that the mover must also show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal.” Hornage v. Cleco Power, L.L.C., 04-1492, pp. 2-3 (La.App. 3 Cir. 4/6/05), 899 So.2d 153, 154 quoting Macaluso v. Macaluso, 99-935, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 183. This is to ensure that all parties have an opportunity to be heard on the motion, and that each individual party can offer its own opposition to that motion. Magnon v. Miller, 06-321, p. 4 (La.App. 3 Cir. 9/27/06), 939 So.2d 658, 658 citing Hor-nage, 899 So.2d 153. “Moreover, procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental.” Lassere v. State, Dep’t of Health & Hosps., Office of Pub. Health, 00-306, p. 4 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 516.
The absence of notice to Mr. Roman amounts to a denial of his procedural due process right to be heard. See and compare: Jackson v. General Motors Truck Plant, 36,479, pp. 5-6 (La.App. 2 Cir. 10/23/02), 830 So.2d 426, 429; Darby v. U-Haul Co., 04-0129 (La.App. 4 Cir. 6/2/04), 876 So.2d 896.
Because of the due process implications inherent here, this Court finds that it has no alternative but to reverse the summary judgment and to remand for a new hearing on the motion, to be held after legally sufficient service of notice of the time and place of the hearing on Mr. Roman. We do not, however, intend, by doing so, to express any opinion regarding the merit of either the motion for summary judgment or Mr. Roman’s arguments in opposition. We hold only that Mr. Roman is entitled to notice and an opportunity to respond and present his position in compliance with La.C.C.P. art. 966.[2]
*900 Conclusion
The judgment of the OWC is reversed, and this matter is remanded to the OWC for further proceedings.

REVERSED AND REMANDED.

. The instant case is distinguishable from Pyle v. Pyle, 00-55 (La.App. 3 Cir. 6/28/00), 769 So.2d 626, where the litigant had not provided the court with an address or phone number.

. Art. 966(B) provides:
The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. For good cause, the court shall give *900 the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.