TERRI F. LOVE, Judge.
|! This appeal arises from the dismissal of the plaintiffs lawsuit based on an unopposed motion for summary judgment. The trial court permitted counsel for plaintiff to withdraw his representation approximately one month prior to the hearing on defendant’s motion for summary judgment. The plaintiff was not present at the hearing and did not have representation present either. As a result, the trial court granted the defendant’s motion for summary judgment and dismissed the plain *207 tiffs lawsuit with prejudice. We find that the. plaintiff was denied due process because the record does not contain adequate verification that he received proper notice of the hearing on the motion for summary judgment. Accordingly, we reverse and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kerry Jackson was walking along St. Louis Street when an 18-wheeler truck for FedEx Freight, Inc. (“FedEx”) allegedly struck a tree causing branches to fall on him. Mr. Jackson filed a police report, which included the number of the FedEx truck: 21548. Mr. Jackson then filed a Petition for Damages against FedEx alleging “gross and wanton negligence.”
Mr. Jackson’s attorney from May 25, 2011, to October 29, 2018, filed a |2Petition for Intervention seeking attorney’s fees, expenses, and costs. The trial court granted the intervention. Subsequently, Randall C. Joy and John B. Fox enrolled as counsel of record on December 26, 2013. On February 3, 2014, FedEx then filed a Motion for Summary Judgment seeking dismissal based on the fact that the FedEx truck Mr. Jackson identified was out-of-state on the day of the incident. The hearing was set for March 14, 2014, and was later rescheduled to May 23, 2014. On April 23, 2014, Mr. Joy and Mr. Fox filed a Motion to Withdraw as Counsel, which the trial court granted. The Motion to Withdraw stated that Mr. Jackson was notified of the withdrawal via certified mail. However, there is no return receipt in the record or a copy of the letter to Mr. Jackson. Approximately one month after the withdrawal, the trial court held a hearing on FedEx’s Motion for Summary Judgment. Neither Mr. Jackson nor counsel for Mr. Jackson was present. The trial court granted the Motion for Summary Judgment and dismissed Mr. Jackson’s claims with prejudice. Mr. Jackson’s de-volutive appeal followed.
Mr. Jackson contends that the trial court erred in granting summary judgment and dismissing his claims “without ensuring that” he “received proper notice of the hearing” and that the dismissal of his claims without proper notice was a deprivation of his Constitutional right to procedural due process.

DUE PROCESS

Mr. Jackson asserts that he was deprived of due process because his claims were dismissed without receiving proper notice of the hearing. Mr. Jackson’s argument has merit.
“A judgment granting summary judgment is a final judgment.” Roman v. LRASIF Claims Mgmt., 11-393, p. 6 (La.App. 5 Cir. 12/13/11), 81 So.3d 895, 898. See La. C.C.P. art. 968. “?It is a basic principle of our legal system that ajjfmal judgment cannot be rendered against a party who has not been provided with proper notice.’ ” Id,., quoting Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4 Cir. 1/20/99), 730 So.2d 971, 973. “?Moreover, -procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental.’ ” Roman, 11-393, pp. 7-8, 81 So.3d at 899, quoting Lassere v. State, Dep’t of Health & Hosps., Office of Pub. Health, 00-306, p. 4 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 516.
This case is analogous to Roman, 11-393, p. 3, 81 So.3d at 896, wherein plaintiffs counsel withdrew a little less than a month from a hearing date on an outstanding motion for summary judgment. The court stated that: “[w]e find that in this circumstance counsel’s withdrawal before *208 the hearing where the unrepresented litigant’s claim was dismissed without any indication in the record that the claimant received notice from the OWC judge, implicates due process concerns.” Roman, 11-393, p. 6, 81 So.3d at 898. The court held that “[t]he absence of notice to Mr. Roman amount[ed] to a denial of his procedural due process right to be heard.” Id., 11-393, p. 8, 81 So.3d at 899. Lastly, the Court stated that:
Because of the due process implications inherent here, this Court finds that it has no alternative but to reverse the summary judgment and to remand for a new hearing on the motion, to be held after legally sufficient service of notice of the time and place of the hearing on Mr. Roman. We do not, however, intend, by doing so, to express any opinion regarding the merit of either the motion for summary judgment or Mr. Roman’s arguments in opposition. We hold only that Mr. Roman is entitled to notice and an opportunity to respond and present his position in compliance with La. C.C.P. art. 966.

J¿Id.

FedEx’s Motion for Summary Judgment was filed on February 3, 2014. However, Mr. Jackson’s counsel of record filed a Motion to Withdraw on April 23, 2014, which was approximately one month before the hearing on the Motion for Summary Judgment. The Motion to Withdraw stated that Mr. Jackson was notified via certified mail of the withdrawal and the status of his case. However, the record does not contain a return receipt or confirmation that Mr. Jackson was notified of the pending hearing date on the Motion for Summary Judgment. The record reflects that Mr. Jackson was only served with the Motion for Summary Judgment and orders setting the hearing through his counsel of record. There is no indication in the record that Mr. Jackson received notice of the hearing date before or after his counsel withdrew. Therefore, like in Roman, we find that proper notice was not confected upon Mr. Jackson.
We likewise note that, under Rule 9.13(a) of the Rules for Civil Proceedings in District Courts (“Uniform Rules”) an attorney withdrawing from a case who does not have written consent from the client must make a good-faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court’s docket.” (Emphasis added). While the Motion to Withdraw filed into the record refers to an attached letter sent to Mr. Jackson, the record contains no copy of that letter and we are unable to determine whether the letter properly notified Mr. Jackson of the status of the case on the court’s docket.
Rule 9.13(c) of the Uniform Rules likewise provides, in pertinent part, as follows:
(c) Any motion to withdraw must include the following information:
(1) The motion shall state current or last-known street ^address and mailing address of the withdrawing attorney’s client. The withdrawing attorney shall also furnish this information to the clerk of court.
* * *
(3) The motion shall state whether any conference, hearing, or trial is scheduled and, if so, its date.
(4) The motion shall include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) shall be attached to the motion.
*209 Furthermore, under Rule 9.13(d) of the Uniform Rules, the trial court may allow the attorney to withdraw by ex parte motion only under the following circumstances:
(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
(3) A limited appearance, as authorized by Rule 1.2(c) of the Rules of Professional Conduct and consented to by the client, has been completed; or
(4) The case has been concluded.
Notably, the trial court may also allow an attorney to withdraw by ex parte motion “if no hearing or trial is scheduled.” Rule 9.13(e), Uniform Rules. Otherwise, when paragraph (d) of Rule 9.13 does not apply, “then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause.” Rule 9.13(f), Uniform Rules. We also note that, under Rule 9.14(g), “[i]f counsel’s withdrawal would delay a scheduled hearing or trial, the court will not allow the withdrawal unless exceptional circumstances exist....”
The Motion to Withdraw filed into the record contains none of the information required by Rule 9.13(c). Nor does the record reflect that the trial court considered Rule 9.13(d), (e), or (f) when granting the Motion to Withdraw. For these reasons, we find no showing that any of the provisions of Rule 9.13 were |fimet. Accordingly, we reverse the trial court’s grant of summary judgment and remand for further proceedings consistent with this opinion so that Mr. Jackson may receive proper notice in compliance with his due process rights.

DECREE

For the above-mentioned reasons, we find that Mr. Jackson’s due process rights were violated because there is no proof in the record that he was properly notified of the hearing date. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.