**Dimitri I. IKONITSKI**

v.

**Kateryna IKONITSKI**

**NO. 2016 CU 0642**

Court of Appeal of Louisiana,
First Circuit.

September 16, 2016

Dmitri I. Ikonitski, Mandeville, LA, Plaintiff-Appellee, In Proper Person

Kateryna Warren, Slidell, LA, Defendant-Appellant, In Proper Person

BEFORE: HIGGINBOTHAM, THERIOT, AND CHUTZ, JJ.

HIGGINBOTHAM, J.

In this child custody matter, the mother, Kateryna Warren, appeals a judgment of the trial court granted in favor of the father, Dmitri Ikonitski, that limited her visitation with her children to supervised visitation every other weekend and found her in contempt.

**FACTS AND PROCEDURAL HISTORY**

On November 19, 2012, a judgment was rendered awarding sole custody of Kateryna and Dmitri's two daughters, Rebecca, born September 7, 2006 and Rose, born August 3, 2008 to Dmitri. Kateryna was awarded unsupervised visitation every other weekend, every other Wednesday night, and alternating holidays. That judgment was affirmed by this court in **Ikonitski v. Ikonitski**, 2013–1340 (La.App. 1 Cir. 12/27/13), 2013 WL 6858328 (unpublished). Subsequently, the parties signed a consent

judgment resolving all outstanding issues on April 30, 2014, and agreeing to the custody and visitation plan in the November 19, 2012 judgment.

On November 13, 2015, Dmitri filed a motion requesting that Kateryna's visitation be limited to supervised visitation, and that she be found in contempt for violations of the previous judgments of the court. In his motion, Dmitri stated that he "will present the Court with facts of not only [Kateryna's] failure to cooperate in the best interest of the children, but an unnecessary suffering and psychological damages to the children caused by [Kateryna's] actions." Dmitri's motion was set for hearing on December 21, 2015. In response, Kateryna filed a dilatory exception raising the objection of vagueness, and a peremptory exception raising the objection of no cause of action, alleging that Dmitri's motion did not describe any actions that harmed the children or violated the court's order, and that she could not defend herself because she did not know the accusations. Kateryna's exceptions were set for hearing on January 13, 2016.

On January 4, 2016, Dmitri filed a supplemental motion that included an order signed by the trial court on January 8, 2016, setting a hearing on April 13, 2016, for Kateryna to show cause: (1) "why she should not be ordered to have only limited supervised visitations" with the minor children; (2) comply with the November 19, 2012 court order regarding visitation: (3) pay Dmitri relief in accordance with La. R.S. 9:361-369; (4) remit payment pursuant to the court orders of November 4, 2010, and May 16, 2011; and (5) not be adjudged in contempt of court for violating the orders of November 4, 2010 and May 16, 2011. That trial court's order also contained a stamp that further ordered Kateryna to appear for a hearing officer conference on February 17, 2016.

On January 13, 2016, which was the hearing date for Kateryna's exceptions, Dmitri responded to Kateryna's exceptions by pointing out that he had filed a more detailed supplemental motion on January 4, 2016 again requesting that Kateryna's visitation be supervised and she be found in contempt. In response the trial court stated:

THE COURT:

That motion that you just filed is set for April. Okay. So you can't argue that motion today. I just got that. It's set for the 13th of April. So we will hear that, but it's not set for today.

\* \* \*

THE COURT:

What I will do is I will say that your supplemental motion has cured any problems that you have in your original motion. ...

\* \* \*

THE COURT:

So it's kind of a—I would have granted her motion giving you leave to amend, but you have already amended with your supplemental motion, so everything is moot as of today.

MS. WARREN [KATERYNA]:

I did not receive any additional motions.

THE COURT:

Well, you haven't been served with it yet. It just got signed. So you will be served with it. Okay? So we will see you in April on everybody's motions. All right?

MR. IKONITSKI [DMITRI]:

Your Honor, also, I request that Miss Warren be served with the papers today because she did not—

THE COURT:

Yes, it's about to happen.

MR. ITONITSKI:

Okay. Thank you.

THE COURT:

So just stay in the courtroom, Miss Warren. There's going to be service.

One week later, on January 20, 2016, a hearing was held considering the issues raised in Dmitri's January 4, 2016 supplemental motion, but Kateryna was not present. The trial court instructed Dmitri that he "may continue as a default." After the hearing, the trial court granted Dmitri's supplemental motion restricting Kateryna's visitation with the children to six hours every other weekend to be supervised by a mental health professional and to be coordinated with Dmitri's work schedule, with no visitation on his weekend off of work. The trial court also held Kateryna in contempt for her actions and sentenced her to two weeks in the parish jail, which was deferred pending no more findings of contempt, and Kateryna was assessed with the court costs.

On January 27, 2016, a judgment was signed in conformance with the trial court's ruling. On February 19, 2016, Kateryna filed a writ application with this court, challenging the January 27, 2016 judgment. On March 23, 2016, this court granted the writ and reversed the portion of the judgment finding Kateryna in contempt of court, and determined that the portion of the judgment which modified the visitation set forth in the November 19, 2012 judgment is a final, appealable judgment. The matter was remanded to the trial court with instructions to grant Kateryna an appeal Subsequently, Kateryna appealed the January 27, 2016 judgment, contending that her due process rights were violated by holding a trial on January 20, 2016, when the notice given to her in open court stated that the hearing would be held on April 13, 2016. Additionally, Kateryna argues that one week was not enough time to prepare for the hearing.

## LAW AND ANALYSIS

■ Procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental. See **Zachary Taylor Post No. 3784 v. Riley**, 481 So.2d 699, 701 (La.App. 1st Cir.1985). "It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with *proper* notice." (Emphasis added.) **Macaluso v. Macaluso**, 99–0935 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 183, (citing **Chaney v. Coastal Cargo, Inc.**, 98–1902 (La.App. 4th Cir. 1/20/99), 730 So.2d 971, 973).

■ On the record of the January 20, 2016 proceeding, both the clerk and the trial court stated that the parties were given notice on January 13, 2016 of the hearing. However, during a discussion on the January 13, 2016 hearing date, the trial court specifically stated that the hearing on the supplemental motion would be held on April 13, 2016. Additionally, the signed order setting Dmitri's supplemental motion for hearing reflects that the hearing was set for April 13, 2016. The documents before this court contain no information as to notice given to Kateryna for a hearing on January 20, 2016. Dmitri attached to his brief a sheriff's return for service in open court, but the return does not reference the motion or rule. It shows the item served was "instanter subpoena" and does not reference the date for appearance. There is no evidence in the record that Kateryna received actual notice that Dmitri's supplemental motion would be heard on January 20, 2016. In fact, the record clearly reflects that Kateryna was given notice that Dmitri's supplemental motion would be heard on April 13,

2016. Based on the record before us, we conclude that Kateryna did not receive proper notice that the hearing on Dmitri's supplemental motion to modify custody and for contempt would be heard on January 20, 2016. The lack of proper notice violated Kateryna's right to procedural due process.

## CONCLUSION

We hereby vacate the January 27, 2016 judgment of the trial court granted in favor of Dmitri. The April 30, 2014 consent judgment remains in effect. All costs of the appeal are assessed to Dmitri Ikonitski.

**JUDGMENT VACATED.**