# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

### 2020 CU 1160

### DIMITRI I. IKONITSKI

### VERSUS

### KATERYNA IKONITSKI

Judgment rendered: **NOV 0 4 2021**

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2009-11771, Division "K"

The Honorable Patrice W. Oppenheim, Judge Presiding[1]

* * * * *

Kateryna Ikonitski Warren
Springfield, Louisiana

Defendant/Appellant
In Proper Person


Sheila M. O'Connor
Robert Binney
Covington, Louisiana

Attorneys for Plaintiff/Appellee
Dmitri I. Ikonitski


* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

---

[1] The Honorable Mary C. Devereux signed the judgment that is on appeal but has subsequently retired.

Holdridge, J. concurs w/ Reasons

**PENZATO, J.**

In this family law dispute arising from the father's motion for relocation of the children, the mother appeals the judgment denying her exceptions challenging the motion for relocation, granting the exception of no cause of action filed by the father, and dismissing the mother's motions for sanctions, to change custody, and to change domiciliary parent. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Dmitri[2] I. Ikonitski and Kateryna Ikonitski (now "Kate Warren") were married in 2006.[3] During the marriage, two daughters were born, on September 7, 2006, and August 3, 2008, respectively. In March 2009, Dmitri filed a petition for divorce and both parties sought custody of the children. After a four-day trial, the district court signed a judgment on November 19, 2012, finding Kateryna's actions established a pattern of perpetrating family violence,[4] granting sole custody of the children to Dmitri, and establishing a visitation plan that granted Kateryna visitation every other weekend, every other Wednesday, half of the holidays, and half of the summer. Kateryna appealed, and this court affirmed the judgment. **Ikonitski v. Ikonitski**, 2013-1340 (La. App. 1 Cir. 12/27/13), 2013 WL 6858328 at *1. On April 30, 2014, the parties signed a consent judgment resolving all

---

[2] In pleadings filed by Dmitri, his name is spelled "Dmitri," but in the caption of this court's prior opinions and this appeal, his name is spelled "Dimitri." **Ikonitski v. Ikonitski**, 2016-0642 (La. App. 1 Cir. 9/16/16), 204 So.3d 232, 232; **Ikonitski v. Ikonitski**, 2013-1340 (La. App. 1 Cir. 12/27/13), 2013 WL 6858328 at *1 n.1. We will use the spelling "Dmitri" as was done in the body of this court's prior opinions. **Ikonitski**, 204 So.3d at 233; **Ikonitski**, 2013 WL 6858328 at *1.

[3] The initial facts in this matter are taken from this court's prior opinions in **Ikonitski**, 204 So.3d at 232-33, and **Ikonitski**, 2013 WL 6858328 at *1.

[4] At the time of the judgment, La. R.S. 9:364(C) in the Post-Separation Family Violence Relief Act provided in part that if the court finds that a parent has a history of perpetrating family violence, it shall allow only supervised child visitation with that parent under certain conditions, with unsupervised visitation authorized under certain other conditions.

2

outstanding issues and agreeing to the custody and visitation plan in the November 2012 judgment.[5]

On March 11, 2019, Dmitri filed a "**MOTION FOR RELOCATION, MODIFICATION OF VISITATION SCHEDULE, AND REQUEST FOR EXPEDITED HEARING**." He sought to relocate to Morris, Minnesota, where he had received a job offer as Chief of Police, and he alleged that the relocation was in the best interest of the children. He alleged that he provided notice to Kateryna as required by La. R.S. 9:355.4 and 9:355.5.[6] In response to Dmitri's motion for relocation, Kateryna filed a declinatory exception raising the objections of improper venue/forum non conveniens, indicating therein that she had moved from St. Tammany Parish to Livingston Parish in February 2019. Kateryna sought to have Dmitri's motion transferred to the 21st Judicial District Court in Livingston Parish.

The matters came before the district court on June 12, 2019. The district court denied the exception and ordered that venue remain in the St. Tammany Parish district court. Dmitri then testified in support of his relocation motion as the only witness. Kateryna represented herself, so she argued the matter, testified, and submitted evidence. Following her testimony, the district court stated that it would issue a temporary order, which was signed on July 17, 2019, requiring Dmitri to send the children, via air travel, to Louisiana for visitation with Kateryna from

---

[5] A second appeal was taken after Dmitri filed a motion to limit Kateryna's visitation and to find her in contempt on November 13, 2015. **Ikonitski**, 204 So.3d at 233. The district court signed a judgment on January 27, 2016, granting Dmitri's motions, limiting Kateryna's visitation to supervised visitation every other weekend, and finding her in contempt. **Id.** at 234. This court vacated the district court's judgment and stated that the April 2014 consent judgment remained in effect. **Id.** at 235.

[6] Louisiana Revised Statutes 9:355.4 provides that a person proposing relocation of a child's principal residence shall provide notice to any person recognized as a parent as required by La. R.S. 9:355.5, which sets forth that notice shall be given by registered or certified mail or delivered by commercial courier and other requirements for proper notice.

June 15, 2019 until August 7, 2019. The order further set a **Watermeier** hearing with the children, to be conducted on August 7, 2019.[7]

On July 1, 2019, Kateryna filed an "**EXCEPTION OF VAGUENESS, NO RIGHT OF ACTION AND NO CAUSE OF ACTION, OBJECTION TO EXPEDITED CONSI[D]ERATION, AND AN[S]WER TO MOTION FOR PERMISSION TO RELOCATE FILED BY [DMITRI]**." Her peremptory exception raising the objection of no right of action was based on her allegation that Dmitri relocated with the children over her objection and without obtaining the district court's permission. Her peremptory exception raising the objection of no cause of action was based on Dmitri's failure to address the factors to be considered in the relocation pursuant to La. R.S. 9:355.10 and 9:355.14.[8] Her

---

[7] A **Watermeier** hearing is a hearing in chambers, outside the presence of the parents, but in the presence of their attorneys, with a record of the hearing to be made by the court reporter, to inquire as to the competency of a child to testify as to custody. **In re D.C.M.**, 2013-0085 (La. App. 1 Cir. 6/11/13), 170 So.3d 165, 168 n.9, writ denied, 2013-1669 (La. 7/17/13), 118 So.3d 1102, citing **Watermeier v. Watermeier**, 462 So.2d 1272 (La. App. 5 Cir.), writ denied, 464 So.2d 301 (La. 1985).

[8] Louisiana Revised Statutes 9:355.10 provides that the person proposing relocation has the burden of proof that the proposed relocation is made in good faith and is in the best interest of the child.

Louisiana Revised Statutes 9:355.14(A) provides:

> In reaching its decision regarding a proposed relocation, the court shall consider all relevant factors in determining whether relocation is in the best interest of the child, including the following:
>
> (1) The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child's life.
>
> (2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development.
>
> (3) The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.
>
> (4) The child's views about the proposed relocation, taking into consideration the age and maturity of the child.

dilatory exception raising the objection of vagueness was based on Dmitri's allegations that she thwarted his relationship with the children and his reasons for relocating the children. Kateryna's exceptions were set for hearing on October 7, 2019.

On July 1, 2019, Kateryna also filed a "**MOTION FOR CONTEMPT; MOTION FOR SANCTIONS PURSUANT TO [LA. C.C.P. ART.] 863**." This combined pleading was based upon the operative facts of a single occurrence; that is, the relocation of the children and Dmitri's pleadings filed in connection therewith. Kateryna alleged that Dmitri was in contempt for violating prior court orders and a consent judgment requiring him to abide by the visitation schedule and to negotiate with her in good faith, and for violating La. R.S. 9:355.11 and 9:355.12 in relocating the children over her timely objection and without obtaining prior court approval.[9] She sought sanctions under La. C.C.P. art. 863 because she

_____

(5) Whether there is an established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party.

(6) How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.

(7) The reasons of each person for seeking or opposing the relocation.

(8) The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.

(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and community property, and alimentary obligations.

(10) The feasibility of a relocation by the objecting person.

(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation.

(12) Any other factors affecting the best interest of the child.

[9] Louisiana Revised Statutes 9:355.11 provides:

If timely objection to a proposed relocation is made by a person entitled to object, the person proposing relocation shall not, absent express written consent of the objecting person, relocate the child pending resolution of the dispute by final

5

alleged that Dmitri failed to disclose in his relocation motion that he had already relocated with the children in December 2018.[10] Additionally, she alleged that Dmitri's relocation of the children without prior approval constituted a change in circumstances warranting a modification of custody, referencing La. R.S. 9:355.17; Kateryna requested relief in the form of a modification of Dmitri's sole custody award to an award of joint custody and to be named as the domiciliary parent.[11] She also sought relief under La. R.S. 9:346(C), which provides that in an action for failure to allow court-ordered scheduled visitation, if the petitioner is the prevailing party, the defendant "shall be held in contempt of court" and the district court shall award to the prevailing party additional visitation, custody, or time rights with the children equal to the time lost, among other items of relief. The district court issued a rule to show cause setting the matter for hearing on October 7, 2019.

On August 7, 2019, Dmitri responded to Kateryna's "**MOTION FOR CONTEMPT; MOTION FOR SANCTIONS PURSUANT TO [LA. C.C.P. ART.] 863**." by filing a peremptory exception raising the objection of no cause of action. Dmitri "except[ed] to the requests to modify child custody and to change the designation of the domiciliary parent contained in the Motion for Contempt and Motion for Sanctions Pursuant to La. C.C.P. art. 863, filed by [Kateryna], on the

---

order of the court, unless the person proposing relocation obtains a temporary order pursuant to R.S. 9:355.12.

[10] Louisiana Code of Civil Procedure article 863(B) provides in pertinent part that a party's signature to a pleading certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies that the pleading is not being presented for any improper purpose, that each claim is warranted by existing law or a nonfrivolous argument for the modification of existing law, and that each allegation has evidentiary support. If a certification is made in violation of La. C.C.P. art. 863, the district court shall impose the violating party, his counsel, or both an appropriate sanction. La. C.C.P. art. 863(D).

[11] "Relocating without prior notice if there is a court order awarding custody or relocating in violation of a court order may constitute a change of circumstances warranting a modification of custody." See La. R.S. 9:355.17.

grounds that the aforementioned requests fail to state a cause of action for which relief can be granted." Dmitri argued that Kateryna failed to allege facts necessary to meet the standard for a change in custody enunciated in **Bergeron v. Bergeron**, 492 So.2d 1193 (La. 1986).

According to the transcript of the October 7, 2019 hearing, the district court initially heard argument on Kateryna's exceptions and denied them. The district court then heard Dmitri's peremptory exception raising the objection of no cause of action as to Kateryna's request to change custody and granted it. Finally, the district court heard Kateryna's contempt and sanctions motions. Dmitri moved for involuntary dismissal of the contempt motion and the sanctions motion. According to the transcript of the hearing, the district court granted the motion for involuntary dismissal as to the sanctions motion, heard Dmitri's testimony in connection with the contempt motion, and took the contempt motion under advisement.[12]

On January 27, 2020, the district court signed a judgment entitled "**JUDGMENT ON EXCEPTIONS**." The judgment denied Kateryna's "Exceptions of Vagueness, No Cause of Action, and No Right of Action." The judgment then decreed that Dmitri's "Exception of No Cause of Action ... is sustained with respect to the Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863, the Motion to Change Custody, and the Motion to Change Domiciliary Parent filed by [Kateryna] on July 1, 2019." Finally, the judgment dismissed those motions.[13]

Kateryna appeals from the January 27, 2020 judgment. She assigns as error the following:

---

[12] Dmitri's counsel was to prepare a judgment as to the district court's rulings on Kateryna's exceptions, Dmitri's exception, and the sanctions motion.

[13] Notice of the judgment was mailed on February 13, 2020, and on March 12, 2020, Kateryna filed a motion for appeal from the January 2020 judgment.

1. The trial court erred as a matter of law in allowing [Dmitri] to proceed using a summary process to determine the merits of his petition to relocate with our minor children.

2. The trial court erred in granting [Dmitri's] petition to relocate with the minor children because [Dmitri] did not meet his burden of proof and did not present evidence on all of the mandatory factors the trial court is required to consider in considering a relocation.

3. The trial court erred and abused its discretion in dismissing my motion for contempt and for sanctions when [Dmitri] relocated the children without prior court approval and denied me my court[-]ordered visitation for six consecutive months in violation of the existing court order and by failing to disclose to the court in his initial filing for permission to relocate that he had in fact already relocated with the children at the time he filed.

## LAW AND DISCUSSION

We first address Kateryna's third assignment of error, contending in part that the trial court erred in dismissing her motion for contempt, and in not allowing her motion to modify custody to proceed.

The January 27, 2020 judgment sustained Dmitri's exception raising the objection of no cause of action "with respect to the Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863, the Motion to Change Custody, and the Motion to Change Domiciliary Parent," and dismissed those motions.[14] The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). An exception of no cause of action should be granted only when it appears beyond

---

[14] We note that the January 27, 2020 judgment sustained the exception raising the objection of no cause of action with respect to the "Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863," while the transcript of the October 7, 2019 hearing indicates that the district court heard Kateryna's motion for sanctions and granted Dmitri's motion for involuntary dismissal of said motion. The trial court may, within its authority, render judgment that differs substantially from its prior oral statements, for such oral reasoning forms no part of the judgment, as it is the formal, signed judgment that governs the controversy. **State v. Property Seized from Miller $20,919.00 in U.S. Currency**, 2013-0715 (La. App. 1 Cir. 12/27/13), 137 So.3d 42, 45, writ denied, 2014-0193 (La. 4/4/14), 135 So.3d 645.

doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. **State, by & through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 42 (en banc), writs denied, 2018-00766, 2018-0758 (La. 9/21/18), 252 So.3d 899, 904. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **Id.** If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. **Id.** Further, the Louisiana Supreme Court has held that the exception of no cause of action should not be maintained in part, so as to prevent a multiplicity of appeals thereby forcing an appellate court to consider the merits of the action in a piecemeal fashion. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1236. If there are two or more items of damages or theories of recovery that arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss an item of damages or theory of recovery. **Astra Zeneca AB**, 249 So.3d at 42.

Dmitri's exception raising the objection of no cause of action was directed only to "the requests to modify child custody and to change the designation of the domiciliary parent" contained in Kateryna's "**MOTION FOR CONTEMPT; MOTION FOR SANCTIONS PURSUANT TO [LA. C.C.P. ART.] 863**." The district court sustained the exception and dismissed the "Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863, the Motion to Change Custody, and the Motion to Change Domiciliary Parent." The district court did not dismiss the entirety of the pleading filed and allowed testimony in connection with the contempt. As noted previously herein, the combined pleading filed by Kateryna was based upon the operative facts of a single occurrence – Dmitri's relocation of the children and his

9

pleadings filed in connection therewith. Thus, the January 27, 2020 judgment resulted in an impermissible partial grant of an exception of no cause of action. **See Astra Zeneca AB**, 249 So.3d at 42. Accordingly, we reverse the portion of the district court's judgment sustaining Dmitri's exception raising the objection of no cause of action, deny the exception, and reverse the portion of the judgment dismissing the "Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863, the Motion to Change Custody, and the Motion to Change Domiciliary Parent."[15]

## CONCLUSION

For the foregoing reasons, we reverse the portion of the January 27, 2020 "**JUDGMENT ON EXCEPTIONS**" that sustains Dmitri's "Exception of No Cause of Action ... with respect to the Motion for Sanctions Pursuant to La. C.C.P. [a]rt. 863, the Motion to Change Custody, and the Motion to Change Domiciliary Parent filed by [Kateryna] on July 1, 2019" and dismisses those motions.

**REVERSED IN PART AND REMANDED.**

---

[15] Because we reverse the portion of the district court's judgment dismissing Kateryna's motion for sanctions, we pretermit consideration of her first assignment of error, wherein she appears to argue that Dmitri was subject to sanctions for his failure to follow the procedure set forth in La. R.S. 9:355.9 and La. R.S. 355.11. We further pretermit consideration of her second assignment of error wherein she objects to the district court granting Dmitri's petition to relocate. The January 27, 2020 judgment does not address the merits of Dmitri's petition to relocate; rather it denies Kateryna's exceptions to the petition. Kateryna does not appeal the denial of those exceptions.

DIMITRI I. IKONITSKI

VERSUS

KATERYNA IKONITSKI

NO. 2020 CU 1160

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA



**HOLDRIDGE, J., concurring in the result.**

I respectfully concur with the result in this case. I disagree that a partial exception of no cause of action cannot be granted. Prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1239 (La. 1993). However, in 1997, the legislature authorized a partial judgment that "sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. C.C.P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, **Louisiana Civil Law Treatise; Civil Procedure**, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008). I am aware that although La. C.C.P. art. 1915(B)(1) would appear to authorize a judgment granting only a partial exception of no cause of action, this court has not interpreted the clear and unambiguous language of La. C.C.P. art. 1915(B)(1) in this manner. See **Expert Riser Solutions, LLC v. Techcrane International, LLC**, 2018-0612 (La. App. 1 Cir. 12/28/18), 270 So.3d 655, 663; **State, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 50-51 (Holdridge, J., concurring), writ denied, 2018-00766 (La. 9/21/18), 252 So.3d 899, and writ denied sub nom. **State, by and through Caldwell v. AstraZeneca AB**, 2018-0758 (La. 9/21/18), 252 So.3d 904.

However, legislation, and not jurisprudence, is a solemn expression of legislative will. La. C.C. art. 2. While the decisions of this court are persuasive

authority and, generally, should be followed in the lower courts to ensure consistency and stability, the beauty of living in a civilian jurisdiction is that legislation is the superior source of law. See **Bergeron v. Richardson**, 2020-01409 (La. 6/30/21), 320 So.3d 1109, 1116-17 (Weimer, C.J., concurring). Therefore, ultimately, in a civilian jurisdiction, a re-examination of the decisions in **Astra Zeneca AB** and **Expert Riser** is called for. The legislation gives the courts the authority to grant a partial exception raising the objection of no cause of action. **Cushenberry v. Scott**, 2021-0003 (La. App. 1 Cir. 1/6/21), 2021 WL 49954 *1 (McDonald and Holdridge, JJ., concurring) (unpublished). Cf. **Robinson v. Mitchell**, 53,958 (La. App. 2 Cir. 6/30/21), 323 So.3d 982, 991 (The Second Circuit affirmed the district court's grant of peremptory partial exception raising an objection of no cause of action dismissing with prejudice the parent plaintiffs' wrongful life claim as to the defendant Louisiana Patient's Compensation Fund.)

However, I agree with remanding the matter back to the district court because I question whether the judgment is properly appealable. The judgment appealed from in this case contained multiple rulings which were interlocutory. The denial of the dilatory exception raising the objection of vagueness is interlocutory. See **Nicholson v. Holloway Planting Co.**, 262 So.2d 176, 178 (La. App. 1 Cir. 1972). The denial of the peremptory exceptions raising the objection of no cause of action and no right of action is interlocutory. **Wesley v. David**, 2013-1500 (La. App. 1 Cir. 2/18/14), 2014 WL 651784 at *2 n. 4 (unpublished). The denial of a motion for sanctions is a nonappealable interlocutory ruling. See **Buxton v. Buxton**, 2010-2182 (La. App. 1 Cir. 3/28/12), 2012 WL 1070012 at *2 (unpublished).

While a judgment concerning custody is appealable under La. C.C.P. art. 3943, in this case the actual ruling on custody was that Kateryna was not entitled as a matter of law to modify custody if Dmitri was in contempt of court for

violating the parties' custody judgments. The custody ruling was purely ancillary to the contempt motion; however, the judgment does not include a ruling on the contempt motion and the district court took that motion under advisement at the hearing. Silence in a judgment as to any issue that was litigated by the district court is deemed a rejection of that claim. See **Harp v. Succession of Bryan**, 2019-0062 (La. App. 1 Cir. 9/3/20), 313 So.3d 284, 292. The denial of a rule for contempt is also an interlocutory ruling. See **Jupiter v. Jupiter**, 2014-1421 (La. App. 1 Cir. 3/6/15), 166 So.3d 1019, 1020.

For these reasons, I agree with the decision of the majority to reverse the January 27, 2020 judgment and remand this matter.