# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2021 CA 0980

# LMB SERVICES, LLC

## VERSUS

# IBERVILLE PARISH GOVERNMENT

*DATE OF JUDGMENT:* **MAR 1 6 2022**

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
NUMBER 80657, DIVISION C, PARISH OF IBERVILLE
STATE OF LOUISIANA

HONORABLE ALVIN BATISTE, JR., JUDGE

* * * * * *

| | |
|---|---|
| Brian A. Gilbert<br>John I. Hulse, IV<br>Metairie, Louisiana | Counsel for Intervenor-Appellant<br>Patriot Construction and Industrial,<br>L.L.C. |
| Antonio M. "Tony" Clayton<br>Plaquemine, Louisiana | Counsel for Defendant-Appellee<br>Iberville Parish Government |
| Murphy J. Foster, III<br>Jacob E. Roussel<br>Baton Rouge, Louisiana | Counsel for Intervenor-Appellee<br>Rigid Constructors, LLC |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: **VACATED AND REMANDED.**

**CHUTZ, J.**

Intervenor-appellant, Patriot Construction and Industrial, LLC ("Patriot"), appeals a judgment dismissing all its claims against defendant-appellee, Iberville Parish Government ("Iberville"), and intervenor-appellee, Rigid Constructors, LLC ("Rigid"). For the following reasons, we vacate and remand.

## FACTS AND PROCEDURAL BACKGROUND

This appeal arises from a public bid project and has a convoluted procedural history. In January 2021, Iberville advertised for a project known as the Intracoastal Road Emergency Roadside Erosion Repair ("the Project") through public bids. The lowest economic bidder was Rigid, and the next two lowest economic bidders, respectively, were Patriot and LMB Services, LLC ("LMB"). On March 19, 2021, LMB filed an official bid protest, arguing that the bids submitted by Rigid and Patriot failed to comply with certain mandatory requirements of Louisiana bid law.[1] LMB contended that once the bids of Rigid and Patriot were excluded, it had submitted the next lowest economical bid with no irregularities, in accordance with the bid specifications. Iberville ultimately awarded the contract to Rigid on March 23, 2021, and denied LMB's official bid protest on March 24, 2021.

On March 30, 2021, LMB filed a petition for a writ of mandamus, temporary restraining order, and preliminary injunction against Iberville, requesting it be awarded the contract as the lowest responsive bidder. On March 31, 2021, the trial court issued an alternative writ of mandamus against Iberville, ordering it to award the contract for the Project to LMB and to show cause on April 13, 2021, why the alternative writ should not be made permanent. The trial court also issued a temporary restraining order against Iberville, restraining it from awarding the bid,

---

[1] See La. R.S. 38:2212, setting forth the requirements for advertising and letting to the lowest bidder of a public contract.

2

executing any contract on the Project, issuing any notice to proceed, or performing any work on the Project, pending the hearing on the writ of mandamus and injunction.

On April 7, 2021, Patriot filed a motion for leave to file a petition for intervention, maintaining that it was an indispensable party, since it claimed an interest relating to the subject matter of the action and was situated such that the adjudication of the action in its absence would impair or impede Patriot's ability to protect its interest and would leave the parties subject to a substantial risk of incurring multiple or inconsistent judgments. Patriot also simultaneously filed its petition for intervention, arguing it should be awarded the contract.

On April 13, 2021, the trial court held a hearing on the rule to show cause for LMB's writ of mandamus, at which Iberville, LMB, and Patriot were present. The trial court denied the writ of mandamus. After a short recess, the parties came back onto the record, and counsel for LMB informed the trial court they had reached a compromise agreement, awarding the contract to Patriot.[2]

On April 23, 2021, after having obtained leave of court over the joint opposition of LMB and Patriot, Rigid filed its petition for intervention and joined in this lawsuit.[3] Rigid also filed a memorandum in opposition to the claims asserted by LMB and Patriot.

---

[2] Specifically, LMB's counsel stated: "Under the following conditions, Your Honor, LMB Services has agreed to withdraw its contest of bid submitted by Patriot. And the parties stipulate – the Parish does, Patriot, LMB – agree that the preliminary injunction shall issue and shall be made permanent as to Rigid, the party to whom the bid was awarded, which is not present and has not appeared on record in this proceeding; and, further, that the alternative mandamus will be made permanent as to Rigid, and that the – any contract between Rigid and the Parish shall be null and void and that the contract on this project shall be awarded to Patriot. And if there's anything – and, also, [LMB] shall not pursue any supervisory writs or other relief beyond what we're doing today in trial court [sic] in this matter." Although a signed judgment of the compromise is not contained in this record, on April 28, 2021, LMB and Patriot jointly filed a motion to enforce the compromise agreement.

[3] When it intervened in the lawsuit, Rigid also filed exceptions of lack of subject matter jurisdiction for mootness and no cause of action, which were set for a hearing on May 20, 2021. A May 20, 2021 minute entry indicates that the trial court determined the exceptions were moot.

On April 26, 2021, as acknowledged by the parties in their appeal briefs and at oral arguments before this court, the trial court held a telephone status conference and ordered them to appear for proceedings on April 29, 2021. On April 28, 2021, LMB and Patriot filed into the record written objections to, among other things, the omission of any formalities of the trial court's setting of the April 29, 2021 hearing, including a lack of service, notice, delays, and briefing.

On April 29, 2021, the trial court held a proceeding, which is described in the minutes simply as a "hearing" and in the transcript as a "status hearing." At this proceeding, LMB reiterated the objections raised by LMB and Patriot in writing, which included the lack of notice and service. After the parties' arguments, the trial court found Iberville had awarded the formal contract of the bid on March 23, 2021, before the trial court had issued the temporary restraining order. Therefore, the trial court concluded that a writ of mandamus could not lie and dismissed the writ of mandamus. On May 13, 2021, the trial court signed a judgment that dismissed all of LMB's and Patriot's claims. Patriot appeals.[4]

---

[4] LMB objected to the judgment, which had been prepared by Rigid at the trial court's directive. LMB asserted that the judgment dismissed LMB's action with prejudice despite the lack of such a ruling by the trial court. On May 13, 2021 (the same day that the trial court signed the appealed judgment), Patriot's counsel withdrew and LMB's counsel took over representation of Patriot. Although the devolutive appeal filed on June 11, 2021, and granted by the trial court on June 16, 2021, was on behalf of both LMB and Patriot, only Patriot filed an appeal brief in or raised any issues before this court.

4

## DISCUSSION

On appeal, Patriot complains that the trial court erred in conducting the April 29, 2021 proceeding without the due process formalities of the Louisiana Code of Civil Procedure. We agree.

Procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental. *Ikonitski v. Ikonitski*, 2016-0642 (La. App. 1st Cir. 9/16/16), 204 So.3d 232, 234. It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with *proper* notice. *Id.*, citing *Macaluso v. Macaluso*, 1999-0935 (La. App. 1st Cir. 5/12/00), 762 So.2d 180, 183.

Thus, this court has held that a judgment rendered after a hearing on a divorced father's motion to modify child visitation was a violation of the mother's due process rights since the record failed to establish that she received actual notice of the date of the hearing, despite statements by the trial court and its clerk that the mother had received notice at a hearing held a week before where the transcript of the earlier hearing indicated she had been advised that the hearing on the father's motion would not be held until three months later. See *Ikonitski*, 204 So.3d at 234-35.

Similarly, although three prior hearings on defendants' exception of prescription had been held, where a trial judge set hearings and briefing schedules on a class certification issue but neither mentioned the exception of prescription nor indicated he considered the exception to be pending, the trial court's denial of the exception of prescription had to be vacated due to a lack of due process, which required notice of the hearing on the exception. See *Claborne v. Housing Authority of New Orleans*, 2014-1050 (La. App. 4th Cir. 4/15/15), 165 So.3d 268, 288, writ denied, 176 So.3d 1039. See also *Jackson v. FedEx Corporated Servs.*,

5

*Inc.,* 2014-1153 (La. App. 4th Cir. 4/1/15), 165 So.3d 206, 209 (because, after withdrawal of his counsel, plaintiff did not receive notice of the hearing, the grant of defendant's motion for summary judgment, which violated plaintiff's due process right of notice, was reversed and the matter remanded to allow plaintiff to receive proper notice); *Dehart v. Jones,* 2018-764 (La. App. 3d Cir. 3/27/19), 269 So.3d 801, 805 (since notices of the hearing on defendants' motions for partial summary judgment were not served in accordance with the thirty-day prerequisite set forth in La. C.C.P. art. 966(C)(1)(b),[5] the trial court's judgment had to be vacated as a logical extension of a violation of due process principles).

Here, it is undisputed by the parties, and our review confirms, that the record is devoid of any evidence establishing that proper notice was issued to any of the parties. No order setting the matter on April 29, 2021 appears in the record. Additionally, the record shows only that a "status hearing" was held on April 29, 2021. Although the trial court refused to take up the underlying substance of this matter—whether Rigid's bid was nonconforming—it signed a judgment dismissing all of Patriot's and LMB's claims.[6]

Rigid and Iberville argue that under La. C.C.P. art. 1094, as an intervenor, Patriot has no right to assert procedural objections, and Patriot's presence at the April 29, 2021 proceeding demonstrates Patriot received notice. We disagree.

---

[5] La. C.C.P. art. 966(C)(1)(b) states, "Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing."

[6] While the trial court did not expressly rule on Rigid's exceptions of lack of subject matter jurisdiction for mootness and no cause of action, it allowed Rigid to argue the substance of its exceptions, i.e., that the trial court lacked subject matter jurisdiction because the contract had already been awarded and executed. Rigid reasoned the issue was moot, arguing that under La. R.S. 38:2220(B), the only relief available to a challenging party is injunctive in nature to prevent the award of the contract. It appears from the trial court's oral ruling, dismissing not only the writ of mandamus but allowing the dismissal of injunctive relief as well as its signing of a judgment that dismissed all of LMB's and Patriot's claims, it may have implicitly sustained Rigid's exceptions. Further, the minute entry for the May 20, 2021 hearing on the exceptions, see n.3, *supra,* which stated that the exceptions were moot, may be interpreted to support this conclusion.

6

According to La. C.C.P. art. 1094, an intervenor cannot object to the form of the action, the venue, or any defects and informalities personal to the original parties. But Article 1094 does not deprive intervenors of their right to receive service and notice of hearings. See, e.g., *City of Baton Rouge v. American Home Assur. Co.*, 2007-1755 (La. App. 1st Cir. 5/2/08), 991 So.2d 48, 53-54, writ denied, 2006-3039, 949 So.2d 442 (La. 3/9/07) (wherein this court recognized an intervenor has the right to receive proper notice and service of a motion for summary judgment).

Even as an intervenor, Patriot is a party entitled to due process notice and service of the April 29, 2021 proceeding, which produced a final judgment, dismissing its claims. Accordingly, we vacate the trial court's judgment and remand the matter back for further proceedings.[7]

## CONCLUSION

For the foregoing reasons, the May 13, 2021 judgment, dismissing all of the claims of intervenor-appellant, Patriot Construction and Industrial, LLC, is vacated. This matter is remanded to the trial court. Appeal costs in the total amount of $904.00 are assessed one-half to defendant-appellee, Iberville Parish Government, and one-half to intervenor-appellee, Rigid Constructors, LLC.

**VACATED AND REMANDED.**

---

[7] Having vacated the appealed judgment, we pretermit a discussion of the remaining assignments of error.